The chief justice,
 
 having tried the cause in the court below, declined giving an opinion.
 

 Paterson, justice,
 

 (judge Cushing being absent on account of ill health,) delivered the opinion of the court.
 

 On an action instituted by John Laird against Hugh Stuart, a judgment was entered in a court for the fourth circuit in the eastern district of Virginia, in December term 1801. On this judgment, an execution was issued, returnable to April term 1802, in the same court. In the term of December 1802, John Laird obtained judgment at a court for the fifth circuit in the Virginia district, against Hugh Stuart and Charles L. Carter, upon their bond for the forthcoming and delivery of certain property therein mentioned, which had been levied upon by virtue of the above execution against the said Hugh Stuart.
 

 Two reasons have been assigned by counsel for reversing the judgment on the forthcoming bond. 1. That as the bond was given for the delivery of property levied on by virtue of an execution issuing out of, and returnable to a court for the fourth circuit, no other court could legally
 
 *309
 
 proceed upon the said bond. This is true, if there be no statutable provision to direct and authorize such proceeding. Congress have constitutional authority to establish from time to time such inferior tribunals as they may think proper; and to transfer a cause from one such tribunal to another. In this last particular, there are no words in the constitution to prohibit or restrain the exercise of legislative power.
 

 The present is a case of this kind. It is nothing more than the removal of the suit brought by Stuart against Laird from the court of the fourth circuit to the court of the fifth circuit, which is authorized to proceed upon and carry it into full effect. This is apparent from the ninth section of the act entitled, “ an act to amend the judicial
 
 “
 
 system of the United States,” passed the 29th of April, 1802. The forthcoming bond is an appendage to the cause, or rather a component part of the proceedings.
 

 2d. Another reason for reversal is, that the judges of the supreme court have no right to sit as circuit judges, not being appointed as such, or in other words, that they ought to have distinct commissions for that purpose. To this objection, which is of recent date, it is sufficient to observe, that practice and acquiescence under it for a period of several years, commencing with the organization of the judicial system, affords an irresistable answer, and has indeed fixed the construction. It is a contemporary interpretation of the most forcible nature. This practical exposition is too strong and obstinate to be shaken or controlled. Of course, the question is at rest, and ought not now to be disturbed.
 

 Judgment affirmed.