Cukja, per
Nott, J.
This court have but few observations to add to the very ample report and opinion of the recorder, containing, the grounds and reasons of his decision. And those remarks will apply, as well to the cases involving the constitutionality of the authority of the recorder himself as to the case now under consideration. The city of Charleston was incorporated in the year 1783. A city court was then established with power to try all cases arising under the by-laws of the corporation. In the year 1784, the jurisdiction of that court was extended to all eases of a civil nature not exceeding twenty pounds sterling, where the titles to land did not come in question. The city court by their charter of incorporation were au-thorised to appoint a Recorder, Treasurer, Clerk, &c. and all other officers which should appear to them requisite, &c. By the constitution which was formed in the year 1790, it is declared, that the “ rights, priviliges, immunities and estates of both civil and religious societies, and of corporate bodies, shall remain as if the constitution of this state had not been altered or amended.” In the year 1801, the city court underwent a new organization ; but the nature of its jurisdiction was not changed, although it was some what extended. From that period to the present time, the city council have continued to appoint a sheriff, and to regulate the tenure of'his office.— The exercise of such an authority for such a length of time the court consider as the highest evidence which they can now have of its constitutionality. In the case of Steward vs. Laird, 1 Cranch 299, Judge Patterson who *76 delivered the opinion of the court said, “ another reason for reversal is that the judges of the supreme court have no right to sit as circuit judges, not being appointed as such, or in other words that they ought to have distinct commissions for that purpose. To this objection, which is of recent date, it is sufficient to observe, that practice and acquiescence under it for a period of several years, commencing with the organization of the judicial system, affords an irresistable answer, and has fixed the construction. It is a cotemporaneous interpretation of the most forcible nature. This practical exposition is too strong and obstinate to be shaken or controlled. Of course the question is at rest, and ought not now to be disturbed.” That reasoning applies with all its force to these cases, because the practice and the acquiescence have been much longer in these cases than in that to which those observations were applied. The motion therefore must be refused.

Rule made absolute.