### SNODDY v. COOPER et al.
### KNOX v. SAME.

Nos. 15428, 15429, Consolidated—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Indians—Restrictions on Surplus Allotment of Full-Blood—Invalidity of Bond for Deed.**

Under the provision of the Act of Congress of July 1, 1902, 32 Stat. 641, lands embraced in the surplus allotment of full-blood Chickasaw Indians were restricted and inalienable, except in the manner provided in section 16 of said act. And a bond for a deed executed by such allottee prior to one year after the date of his patent therefor is void.

**2. Same—Restrictions—Statutes.**

Under the provision of section 19 of the Act of Congress of April 26, 1906, all lands allotted to all full-blood Indians of the Choctaw, Chickasaw, Creek, and Seminole Tribes were restricted for a period of 25 years from the passage and approval of said act, and said restrictions apply to all of the allotted lands of said full-blood Indians notwithstanding restrictions imposed by prior legislation had expired.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; O. H. Searcy, Assigned Judge.

Action by Elizabeth J. Snoddy against Laura Cooper, and Laura Cooper as guardian of William Davis, a minor, and James A. Knox, and action by James A. Knox against Laura Cooper and Laura Cooper as guardian of William Davis, a minor, and Elizabeth J. Snoddy. Judgments for defendants, and plaintiffs appeal. Affirmed.

T. B. Latham and A. C. Markley, for plaintiffs in error.

George M'. Porter and John L. Fuller, for defendants in error.

Opinion by DICKSON, C. These cases involved the same questions and have been consolidated. The plaintiffs in error were plaintiffs below and the defendants in error were defendants, and will hereafter be so designated.

Daniel Davis, a full-blood Chickasaw Indian, was allotted the northwest quarter of section 33, in township 8 north, of range 15 east, containing 160 acres in what is now Pittsburg county, Okla. A patent was thereafter issued to him on the 9th day of December, 1904. On the 17th day of December, 1904, the said Daniel Davis, joined by his wife, executed a bond for title to the east half of said allotment to the plaintiff in error Elizabeth Snoddy, and on the same day executed a like bond for title to the west half of said lands to the plaintiff in error James A. Knox. On the 3rd day of August, 1907, the said Daniel Davis, joined by his wife, executed and delivered to said plaintiff Elizabeth J. Snoddy a warranty deed purporting to convey to her the east half of said lands; on the 17th day of August, 1907, executed and delivered to the plaintiff in error James A. Knox a warranty deed purporting to convey to said James A. Knox the west half of said allotment. The said Daniel Davis died in 1916, leaving as his sole and only heirs at law his wife, Laura Davis, now Cooper, and his son, William Davis, who at the time of the commencement of this action was a minor, and under the guardianship of his mother, Laura Cooper. The plaintiffs brought separate actions in the district court for the partition of said lands, setting up the title based upon said contracts and deeds and each claiming to own an undivided one-fourth interest to that portion of said allotment covered by said deeds.

The defendants interposed general demurrers to said petitions, which were sustained by the trial court, and the plaintiffs declined to plead further and judgment in each case was entered for the defendants, and the plaintiffs have duly appealed to this court.

The only question presented on these appeals is the validity of the contracts and deeds above referred to. Under the provisions of the Act of Congress of July 1, 1902, 32 Stat. 641, it is provided:

"Section 15. Lands allotted to members and freedmen shall not be affected or incumbered by any deed, debt, or obligation of any character contracted prior to the time at which said lands may be alienated under this act, nor shall said lands be sold except as herein provided.

"Section 16. All lands allotted to the members of said tribes, except such land as is set aside to each for a homestead as herein provided, shall be alienable after issuance of patent as follows: One-fourth in acreage in one year, one-fourth in acreage in three years, and the balance in five years; in each case from date of patent; Provided, that such land shall not be alienable by the allottee or his heirs at any time before the expiraton of the Choctaw and Chickasaw tribal governments for less than its appraised value."

Under the plain terms of these provisions, the contracts for title were absolutely void. But it is contended that under the terms of said section 16, supra, the restriction was removed from one-fourth of said allotment at the expiration of one year from the date of the patent, and the deeds having been made in 1907 were valid as to an undivided one-fourth of the acreage of said allotment. Prior to the execution of these deeds, and on April 26, 1906, Congress passed an act known as the McCumber Act, and in section 19 thereof provides:

"That no full-blood Indian of the Choctaw, Chickasaw, Cherokee, Creek, or Seminole Tribes shall have power to alienate, sell, dispose of, or incumber in any manner any of the lands allotted to him for a period of 25 years from and after the passage and approval of this act."

This act was in force at the time the deeds upon which the plaintiffs rely were executed, but it is contended by the plaintiffs that the McCumber Act merely extended the restrictions upon that portion of the allotment restricted at the time of its passage, and in support of this contention cited Bronaugh v. Holmes, 102 Okla. 249, 225 Pac. 512. We cannot agree with these contentions. The language of section 19 clearly contemplates all of the lands allotted to the full-blood members of said tribes and owned by such members at the time of the passage of the act. The Act of May 27, 1908, 35 Stat. 312, considered by this court in Bronaugh v. Holmes, supra, provides that "nothing herein shall be con-

strued to impose restrictions removed from land by or under any law prior to the passage of this act." No such provision appears in the Act of April 26, 1906. That Congress had the power in the exercise of its constitutional authority, while the guardianship relation over full-blood Indians continued, to impose restrictions notwithstanding the fact that prior restrictions had expired by limitation, is settled. Brader v. James, 49 Okla. 734, 154 Pac. 560, 246. U. S. 88, 62 L. Ed. 591.

The trial court properly sustained the demurrers, and the judgments appealed from should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 519, §91. (2) 31 C. J. p. 514, §79.