INTERNATIONAL CHEMICAL WORK-ERS UNION, a Labor Organization, and Nathan Allen, A. B. Bailey, James Johnson, Walter Milton, Robert Randle, Plaintiffs,

v.

PLANTERS MANUFACTURING COMPANY, a Corporation, Defendant.

No. DC6610.

United States District Court
N. D. Mississippi,
Delta Division.

Sept. 30, 1966.

Dixon Pyles, Jackson, Miss., David E. Feller and Jerry D. Anker, Washington, D. C., for plaintiffs.

Frederick A. Kullman and C. Dale Stout, New Orleans, La., Maynard, Fitz-Gerald & Maynard, Clarksdale, Miss., for defendant.

John Doar, U. S. Dept. of Justice, Washington, D. C., H. M. Ray, U. S. Atty., Oxford, Miss., for the Equal Employment Opportunity Commission, amicus curiae.

MEMORANDUM OPINION

CLAYTON, Chief Judge.

This action was commenced by the filing of a complaint by International Chemical Workers Union, a labor organization, and five individual employees of the defendant, as plaintiffs. The action is predicated on Title VII of the Civil Rights Act of 1964, §§ 706(e)–(k), 42 U.S.C. 2000e–5(e)–(k). Jurisdiction of this court rests on § 706(f) of Title VII, 42 U.S.C. 2000e–5(f). Defendant moved to dismiss the complaint as to the plaintiff union. No such motion has been filed with respect to the five individual plaintiffs, who are employees of defendant. This motion to dismiss is before the court on briefs of the parties and upon a brief filed by leave of court for the United States Equal Employment Opportunity Commission as amicus curiae.

The principal point presented for this court's determination is whether the union is a "person aggrieved" within the meaning of § 706(a) and (e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–5(a) and (e), which defendant contends it is not.

It is axiomatic that all allegations of the complaint must be taken as true upon consideration of such a motion. Plaintiff union is and has been the certified collective bargaining representative of the employees of the defendant company since May 14, 1965. On October 19, 1965, the union filed a charge with the EEOC alleging that the defendant had committed certain unlawful em-

ployment practices in violation of § 703 (a) of Title VII, 42 U.S.C. 2000e–2(a).[1] On December 2, 1965, the individual plaintiffs herein filed identical charges with the Commission.

On February 17, 1966, the individual plaintiffs were informed by the Commission's Director of Compliance that the Commission had thus far been unable to resolve the dispute and that sixty days had elapsed since the filing of the charge thereby allowing the institution of court proceedings.[2]

On May 6, 1966, the Commission, by an opinion of its General Counsel reversing his prior view,[3] held that the plaintiff union is a "person aggrieved" within the meaning of § 706(a) and (e).

Paragraph two of defendant's motion to dismiss would require an interpretation of the statute which is contrary to the accepted meaning of the term "person aggrieved", and to the meaning recognized by the Commission. For these reasons, this ground of the motion should be rejected.

█ It has long been settled[4] that the practical interpretation of a statute by the executive agency charged with its administration or enforcement, although not conclusive on the courts, is entitled to the highest respect. Grand Trunk Western R. Co. v. United States, 252 U.S. 112, 40 S.Ct. 309, 64 L.Ed. 484 (1920); Blanset v. Cardin, 256 U.S. 319, 41 S.Ct. 519, 65 L.Ed. 950 (1921); Kern River Co. v. United States, 257 U.S. 147, 42 S.Ct. 60, 66 L.Ed. 175 (1921); United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). See also, Billings v. Truesdell, 321 U.S.

542, 552–553, 64 S.Ct. 737, 88 L.Ed. 917 (1944) ("persuasive weight"); Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397 (1931) ["respectful consideration" to be overruled only for "weighty reasons", quoted with approval in United States v. Atlantic Refining Co., 360 U.S. 19, 79 S.Ct. 944, 3 L.Ed.2d 1054 (1959)]; Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965) ("great deference"); F.T.C. v. Mandel Bros., Inc., 359 U.S. 385, 391, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959) ("great weight"); Federal Trade Comm'n v. Colgate-Palmolive Co., 380 U.S. 374, 385, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965) (accord); Federal Housing Adm'n. v. Darlington, Inc., 358 U.S. 84, 90, 79 S.Ct. 141, 3 L.Ed.2d 132 (1958) (accord) (by implication) Great Northern R. Co. v. United States, 315 U.S. 262, 275, 62 S.Ct. 529, 86 L.Ed. 836 (1942); Mazer v. Stein, 347 U.S. 201, 211–214, 74 S.Ct. 460, 98 L.Ed. 630 (1953) (by implication). In Udall v. Tallman, supra, the court stated:

When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration.

Particularly apposite is the Supreme Court's decision in the *American Trucking Associations* case. Questioned there was the Interstate Commerce Commission's interpretation of the word "employees" as used in the Federal Motor Carrier Act. The Commission took the position that the term applied only to employees whose duties affected safety

---

1. The charges included, inter alia, use of abusive language against Negro employees, failure to list Negro employees in the top operating classifications, discriminatory wage rates, and discrimination in overtime pay and allowance of vacation time. Complaint, pp. 3–4.

2. Complaint, p. 3.

3. The union had been informed on January 12, 1966, that it had not shown that it was a "person aggrieved" within the

meaning of § 706(a). However, the General Counsel indicated that, upon the receipt of additional argument, this position would be reconsidered.

4. See, e. g., Stuart v. Laird, 1 Cranch 299, 2 L.Ed. 115 (1803); United States v. Vowell, 5 Cranch 368, 3 L.Ed. 128 (1809); Bank of United States v. Halstead, 10 Wheat. 51, 6 L.Ed. 264 (1825); Pennoyer v. McConnaughy, 140 U.S. 1, 35 L.Ed. 363 (1891).

of operation. The court, after noting that "[i]n any case such interpretations are entitled to great weight" observed (310 U.S. at 549, 60 S.Ct. at 1067) that this is "peculiarly true here when the interpretations involve 'contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion; of making the parts work efficiently and smoothly while they are yet untried and new' [citing Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S. Ct. 350, 77 L.Ed. 796 (1933)]." Accord Power Reactor Co. v. International Union of Electricians, 367 U.S. 396, 408, 81 S.Ct. 1529, 6 L.Ed.2d 924 (1961).[5] The instant case is a clear example of what the court was referring to in the *Trucking Associations* case. Not only is the Commission's interpretation of the phrase "aggrieved person" that of the agency responsible for administering the Act; it is also a contemporaneous construction of the statute by those responsible "for setting its machinery in motion" and for guaranteeing the efficient working of the statute's machinery while it is "still untried and new."[6]

Moreover, recent court decisions have recognized the standing of group plaintiffs as a "person aggrieved" where the group, *qua* group, has an interest in the outcome of the administrative agency's determination although it might, incidentally, represent broader community interests as well. See Scenic Hudson Preservation Conference v. F.P.C., 354 F.2d 608 (2d Cir. 1965), cert. den. sub nom. Consolidated Edison Corp. v. Scenic Hudson Preservation Conference, 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (No. 1159, May 16, 1966) (conference of conservationist organizations "aggrieved party" under the Federal Power Act,[7] entitled to challenge approval of power plant site); Office of Communication of United Church of Christ v. F.C.C., 359 F.2d 994 (C.A.D.C., May 4, 1966) (church group's interest as "audience" sufficient to make it "person aggrieved" under Communications Act[8] to permit challenge to approval of radio license renewal). As the court said in the *Scenic Hudson* case (354 F.2d at 616):

> In order to insure that the Federal Power Commission will adequately protect the public interest in the aesthetic, conservational, and recreational aspects of power development, those who by their activities and conduct have exhibited a special interest in such areas, must be held to be included in the class of "aggrieved" parties * * *.

5. Administrative interpretations which have not been uniform have not been treated to the same respect accorded uniform interpretations. Iselin v. United States, 270 U.S. 245, 46 S.Ct. 248, 70 L.Ed. 566 (1926); F.T.C. v. Jantzen, Inc., 356 F. 2d 253 (9th Cir. 1966). However, where a statutory program is in the initial process of being staffed and placed in operation and where the terms of the statute are for the first time being given shape and content by the new staff, some adjustments are to be expected. Indeed, where an initial position has been promptly reconsidered and revised in light of an additional presentation, as in the instant case, the usual measure of respect accorded an agency action is warranted. Cf. McLaren v. Fleischer, 256 U.S. 477, 481, 41 S.Ct. 577, 65 L.Ed. 1052 (1921). In the instant case, the Commission's initial opinion was coupled with an invitation to the union to submit further reasons for treating it as a person aggrieved. See, supra, note 3. Thus, that decision was merely preliminary and tentative.

6. In accordance with § 706(a) of the Act, 42 U.S.C. 2000e–15(a), the Equal Employment Opportunity Commission commenced operations on July 2, 1965.

7. Section 313(b) of the Federal Power Act, 16 U.S.C. 825*l*(b), provides that: "Any party to a proceeding under this chapter aggrieved by an order issued by the Commission * * * may obtain a review of such order in the United States Court of Appeals * * *."

8. Section 402(b) (6) of the Communications Act, 47 U.S.C. 402(b) (6), provides that appeals from Federal Communications Commission decisions and orders may be taken "[b]y any * * * person aggrieved * * * by any order of the Commission granting or denying any application" for a license renewal.

Thus, the Commission's decision recognized both the union's substantial interest in the instant case and the development of judicial doctrine on the notion of standing. As the General Counsel's opinion stated:

[A] collective bargaining representative is hardly a volunteer with respect to its assertion of the rights of the members of the bargaining unit to be free of racial and other invidious discrimination in their employment. On the contrary, the duty of fair representation in effect forbids neutrality and compels the union to exert its bargaining efforts in behalf of the victims of discrimination.

 At this point in time and in the development of law in this area, this court is bound to say that the plaintiff union is a "party aggrieved" within the meaning of the statute with which we are concerned.

In addition to questioning the capacity of the plaintiff union to join in this cause of action, defendant assigns as an additional ground for its motion to dismiss that the complaint fails to state a cause of action upon which relief can be granted. The thrust of defendant's argument on this point is, however, directed to pointing out obvious differences between a union and an individual. Such arguments fall by the wayside in the light of the court's views as heretofore expressed.

Additional argument made by defendant on this point is, in reality, addressed to the form of relief, if any, which might be proper for this court to grant after a full evidential hearing on the factual allegations made by the complaint. It would be inappropriate, at this stage of these proceedings, for this court to attempt to narrowly define its authority to act or to broadly construe its powers to fashion relief appropriate to deal with the facts as they may be developed.

It should also be said that materials outside the record have been furnished to the court by both parties, but these have not been considered beyond the level of

factual agreement as expressed in briefs. Hence, it is not necessary for this court to consider this submission as a motion for summary judgment. Rule 12(b), Federal Rules of Civil Procedure.

It also seems proper to state that the questions raised with respect to this court's jurisdiction over the subject matter of this suit which defendant has attempted to advance under its claim that the complaint of the plaintiff union fails to state a cause of action upon which relief can be granted are not, on the moving papers of defendant, properly before the court at this time. See defense numbered (1), Rule 12(b), Federal Rules of Civil Procedure.

An order will be entered in accordance with this opinion.