**Linda Fern FOUST, Individually, [and as a shareholders' derivative action on behalf of herself and all other stockholders of the Transamerica Corporation,] Plaintiff,**

v.

**TRANSAMERICA CORPORATION et al., Defendants.**

**No. C–74–1966–CBR.**

United States District Court,
N. D. California.

March 18, 1975.

Robert S. Gelman, San Francisco, Cal., for plaintiffs.

Orrick, Herrington, Rowley & Sutcliffe, James R. Madison, Tower C. Snow, Jr., San Francisco, Cal., for defendants.

## ORDER GRANTING MOTION TO DISMISS

RENFREW, District Judge.

This purports to be a shareholder's derivative suit against transamerica Corporation ("Transamerica") and its directors. On April 16, 1974, plaintiff, who had never been employed by nor sought employment from Transamerica, purchased one share of stock in defendant corporation.[1] Exactly one month later, on May 16, 1974, she filed complaints before the Equal Employment Opportunity Commission ("EEOC") and the California Fair Employment Practices Commission ("FEPC") alleging discrimination by the corporation's directors in the corporation's employment practices with respect to sex, race, color, and national origin. The

---

1. On the same date plaintiff purchased single shares of stock in four other companies, Clorox Co., Dean Witter & Co., Foremost-McKesson, Inc., and Safeway Stores, Inc. Plaintiff filed complaints against all but Dean Witter & Co. in this district. Foust v. Clorox Co., et al., No. C–74–1349–WHO; Foust v. Foremost-McKesson, Inc., et al., No. C–74–1963–ACW; and Foust v. Safeway Stores, Inc., et al., No. C–74–1964–SAW have been dismissed prior hereto.

FEPC declined jurisdiction, but the EEOC assumed jurisdiction and, at the request of plaintiff's counsel, on June 17, 1974, issued plaintiff a notice of her right to sue. On September 13, 1974, plaintiff filed this action, alleging that Transamerica's directors had violated and continued to violate § 703(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–2). Plaintiff seeks a declaratory judgment and injunction against Transamerica's directors to compel them to cease the complained of practices.

On January 8, 1975, defendants filed a motion to dismiss, challenging plaintiff's complaint on the following grounds: (1) plaintiff lacks standing under Title VII both individually and derivately as a Transamerica shareholder, (2) the directors are improper Title VII defendants, (3) plaintiff lacks standing under Rule 23.1 of the Federal Rules of Civil Procedure, (4) plaintiff has not satisfied the procedural prerequisites for suit under Title VII, (5) plaintiff's complaint fails to set forth a short and plain statement of the claim, and (6) plaintiff failed properly to serve fourteen of the sixteen individual defendants. Alternatively, defendants ask the Court to order plaintiff to post security for expenses.

Since the Court has concluded that Transamerica cannot bring this action and hence there can be no derivative suit, the motion to dismiss will be granted, and the other grounds for dismissal or alternatively for security for expenses need not be considered.

■ A shareholder's derivative suit is brought on behalf of the corporation against its directors. Although the corporation is named a defendant, it is the actual plaintiff. Therefore, the first question is whether the corporation itself can maintain a cause of action under Title VII.

■ Article III of the United States Constitution limits the jurisdiction of federal courts to cases or controversies. When the plaintiff in a civil action lacks standing, there can be no case or controversy under Article III. Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

■ Plaintiff contends that a corporation has standing to sue as a "person aggrieved" under Title VII because after receiving an EEOC notice of the right to sue, "the person claiming to be aggrieved" may institute a civil action (42 U.S.C. § 2000e–5(f)(1)).[2] To have standing as a "person aggrieved" under Title VII, or to assert rights under any federal regulatory statute, a plaintiff must show (1) that he has actually suffered an injury, and (2) that the "interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute * * * in question". Data Processing Service v. Camp, 397 U.S. 150, 152–153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). Since the corporation, as an employer, is not "within the zone of interests to be protected or regulated by the statute", whether the corporation has actually suffered any injury need not be determined here.

In Trafficante v. Metropolitan Life Ins., 409 U.S. 205, 209, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972), the Supreme Court stated that standing to sue under Title VII is as broad as is permitted under Article III of the Constitution. Here, however, Transamerica cannot be a "person aggrieved", thus it has no standing

2. While "person" is defined under Title VII to include corporations (42 U.S.C. § 2000e(a)), the "person" aggrieved must first receive a notice of his right to sue before he may commence an action in federal court (42 U.S.C. § 2000e–5(f)(1)). Here the right to sue letter was issued to *plaintiff* as "the charging party" and not to Transamerica Corporation. Indeed a copy was sent to Transamerica as the "named respondent" in the case. Thus it appears that Transamerica never received a right to sue letter entitling it to bring this action. However, in light of the result reached on the issue of standing, the Court does not base its decision on this procedural defect even though it appears to go to the very jurisdiction of the Court to hear the case.

to sue under Title VII and therefore there is no case or controversy. Plaintiff relies heavily on *Trafficante,* because there white tenants of an apartment complex were held to have standing under Title VIII. In that case, however, plaintiffs were tenants in, not owners of, the apartment complex.

 Plaintiff correctly notes that Title VII, § 701(a) (42 U.S.C. § 2000e (a)) considers a corporation a person for the purposes of the Act, and § 701(b) defines "employer" as a "person" and his "agents". Plaintiff contends that the directors of the corporation are its agents, hence they are "employers" under the meaning of the Act. However, if the directors are "employers", then their principal, the corporation, must also be an "employer". Transamerica cannot be considered an employee of its own agents, the directors.

Plaintiff also contends that § 706(b) (42 U.S.C. § 2000e–5(b)) gives the corporation the right to sue the directors because they are "employers". But this section cannot be read to give an employer the right to sue its own agents for acts within the scope of their employment. It is not alleged that the directors acted outside the scope of their employment.

Plaintiff cites as authority EEOC cases where organizations have sued employers under Title VII, *e. g.,* Local 186, Int. Pulp, Sulphite and P. M. W. v. Minnesota M. & M. Co., 304 F.Supp. 1284 (N.D.Miss.1969); International Chemical Workers U. v. Planters Mfg. Co., 259 F.Supp. 365, 367 (M.D.Miss. 1966). In direct contrast to the instant case, the organizations in those cases consisted of or represented employees and prospective employees. They did not purport to represent or act on behalf of the employer.

An employer cannot claim standing as a "person aggrieved" under Title VII. As Judge Wollenberg of this district said in Waters v. Heublein, Inc., 8 CCH EPD ¶ 9522 (N.D.Cal.1974): "Persons who are not the objects of racial or ethnic discrimination in employment are not within the zone of interests Congress intended to protect with Title VII". 8 CCH EPD at 5308. Here, neither plaintiff nor Transamerica have been the objects of such discrimination.

Transamerica may have suffered losses if, as alleged, it has discriminated in its employment practices. Whenever any kind of discrimination occurs, everyone in society suffers from it in some way. By enacting Title VII, however, Congress did not intend to give every member of society standing. Standing was restricted to those aggrieved, *i. e.,* those who are the objects of the prohibited discrimination.

It is hereby ordered that defendants' motion to dismiss is granted and the action is hereby dismissed.

It is hereby further ordered that counsel for defendants shall prepare an appropriate form of judgment in accord with this order.