**In the Matter of the ESTATE of William BIGHEART, Jr., Deceased.**

**No. 54480.**

Supreme Court of Oklahoma.

April 7, 1981.

Rehearing Denied May 26, 1981.

Shockley Shoemake, Shoemake & Briggs, Pawhuska, for appellant.

Bruce W. Gambill, Kelly & Gambill, Pawhuska, for appellee.

IRWIN, Chief Justice:

Appellant, Velma Rose Bigheart, is the surviving spouse of William Bigheart, Jr., (decedent) a half-blood Osage Indian who died owning certain restricted property. Decedent's will, with codicil, was admitted to probate and under its terms, appellant was left $10.00, the principal beneficiaries being appellees, decedent's mother and two children. Appellant elected to take against the will under 84 O.S. 1971, § 44.

Appellant did not establish that she was of Indian blood and the only issue presented to the trial court was whether she was entitled to the benefits of 84 O.S. 1971, § 44, in view of The Act of Congress, February 27, 1925, § 7, 43 Statute 1008, as amended.

The trial court held that the restricted Osage Indian property of decedent's estate passed pursuant to decedent's will and codicil, except that appellant, having elected to take pursuant to 84 O.S. 1971, § 44, was barred from participating therein save that of decedent's unrestricted property by The Act of Congress of 1925, as amended. Appellant appealed.

The Congressional Act, as amended, provides:

"Hereafter none but heirs of Indian blood shall inherit from those who are of one-half or more Indian blood of the Osage Tribe of Indians any right, title, or interest to any restricted lands, moneys, or mineral interests of the Osage Tribe; Provided, That (except in cases where a person claiming as such heir is a party to a judicial proceeding pending on the date of the enactment of this proviso in which

the claimant has filed a formal pleading alleging Indian blood) no claim of heirship shall be recognized unless the claimant shall establish that he is a citizen of the United States and is enrolled on a membership, census, or other roll prepared under the direction of the Secretary of the Interior, or has a lineal Indian ancestor so enrolled ..."

Appellant contends that the above proviso is unconstitutional because Congress has no power to alter the effect of § 44, supra. Appellant argues the devolution of property located in this state belonging to its citizens and residents is controlled by state law wholly unaffected by any effort upon the part of Congress to limit or condition such devolution.

Appellees contend that all the issues presented by appellant have heretofore been resolved against her in *Bigheart v. Pappan*, 482 F.2d 1066 (10th Cir.), certiorari denied, 416 U.S. 937, 40 L.Ed.2d 288, 94 S.Ct. 1937, rehearing denied, 417 U.S. 977, 41 L.Ed.2d 1148, 94 S.Ct. 3187.

The *Bigheart* case involved the same parties as in the case at bar. In that case appellant (Velma Rose Bigheart) challenged the administrative determination of the Department of the Interior that her deceased husband's will and codicil were valid and effective. The federal district court approved the determination of validity and the appellant appealed to the Court of Appeals (10th Cir.).

In the trial court the appellant had challenged the constitutionality of the Congressional Act and sought to have the question determined by a three-judge panel. 28 U.S.C. § 2284. The Court of Appeals found the trial court had properly determined that the Act had been held constitutional in other almost identical situations and that it was not necessary to convene a three-judge court. The court held that "Congress can regulate as to inheritance of restricted Indian properties and that this classification, although based on race, is permissible, has been determined in many cases." *Simmons*

*v. Eagle Seelatsee*, D.C., 244 F.Supp. 808, aff'd 384 U.S. 209, 86 S.Ct. 1459, 16 L.Ed.2d 480; *Blanset v. Cardin*, 256 U.S. 319, 41 S.Ct. 519, 65 L.Ed. 950; *Ute Indian Tribe of Uintah & Ouray Reservation v. Probst*, 428 F.2d 491, rehearing denied 428 F.2d 498 (10th Cir.); *Groundhog v. Keller*, 442 F.2d 674 (10th Cir.).

In reference to appellant's contention that she should be allowed to elect against the will and take an intestate share according to the laws of Oklahoma regardless of whether she is of Indian blood, the court said:

"It was the function of the Department of the Interior to approve or disapprove decedent's will. This having been done, appellant can properly seek to elect against the will under the provisions of Oklahoma law if she can meet the federal requirements of section 7. Oklahoma courts have consistently followed this procedure. See *Ware v. Beach*, 322 P.2d 635 (Okl.1957); *Mashunkashey v. Mashunkashey*, 191 Okl. 501, 134 P.2d 976 (1942); *In re Smith's Estate*, 188 Okl. 158, 107 P.2d 188 (1940); *In re Martin's Estate*, 183 Okl. 177, 80 P.2d 561 (1938); see also *Tiger v. Timmons*, 147 Okl. 141, 295 P. 614 (1931).

Appellant does not contend that she can or has met the federal requirements of section 7, supra, and under *Bigheart*, if she cannot meet the requirements she is not entitled to elect against the will and take an intestate share according to the laws of Oklahoma.

Cited with approval in *Bigheart* was *Mashunkashey v. Mashunkashey*, 191 Okl. 501, 134 P.2d 976 (1942) wherein we held:

"Under the provisions of section 1 of the Enabling Act (34 Stat. 267), the power to legislate with respect to the devolution of Indian lands and property was reserved to the federal government.

Section 7 of the Act of Congress of February 27, 1925, limiting the right to inherit the property of Osage Indians of

one-half or more Indian blood to heirs of Indian blood, is a valid exercise of the legislative powers of the Congress.

Where there is conflict between state law and federal legislation, which is within the exclusive sphere of federal authority, the state law is superseded.

Section 7, supra, applies to the restricted lands, moneys, and mineral interests of individual Osage Indians."

The trial court in its Findings of Fact and Conclusions of Law found that *Bigheart v.* *Pappan, supra*, disposed of all the issues presented in the case at bar. We agree.

JUDGMENT AFFIRMED.

BARNES, V.C.J. and WILLIAMS, LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.