## FIRST MOON *v.* WHITE TAIL AND UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 191.   Argued January 29, 1926.—Decided March 1, 1926.

1 A decision of the Secretary of the Interior determining who are the heirs of an Indian allottee, who died intestate after receiving his trust patent under the General Allotment Act and before issuance of a fee simple patent, is made conclusive by the Act of June 10, 1910; and the District Court is without jurisdiction to reexamine it for alleged error of law. So *held,* in a suit against an adverse claimant and the United States. P. 243.

2. The Act of December 21, 1911, amending § 24 of the Judicial Code and conferring on District Courts jurisdiction of actions involving the rights of persons of Indian blood or descent to allotments, was but a codification of earlier provisions, and refers to original allotments claimed under some law or treaty, and not to disputes concerning the heirs of one who held a valid and unquestioned allotment.   P. 244.

Affirmed.

APPEAL from a decree of the District Court dismissing, for want of jurisdiction, a bill to establish an interest in an Indian allotment.

*Mr. L. A. Maris,* with whom *Mr. E. Barrett Prettyman* was on the brief, for appellant.

*Mr. H. L. Underwood,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for appellees.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Appellant seeks to establish an interest in certain lands allotted to Little Soldier, a Ponca Indian, under the General Allotment Act of 1887, c. 119, 24 Stat. 388, as amended by the Act of 1891, c. 383, 26 Stat. 794.   Trust

patents were issued therefor in 1895, and he died March 1, 1919. It appears from the bill that the Secretary of the Interior after due consideration determined who were the heirs, and in doing so eliminated appellant, although she claimed to be the only surviving lawful wife. It is alleged that upon the facts found by him the Secretary misapplied the law.

The court below held, correctly we think, that it was without jurisdiction, since the matter had been entrusted to the exclusive cognizance of the Secretary of the Interior by the Act of June 25, 1910, c. 431, 36 Stat. 855, which provides: " That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

The question presented must be regarded as settled by what this court has said in *Hallowell* v. *Commons*, 239 U. S. 506; *Lane* v. *Mickadiet*, 241 U. S. 201; *United States* v. *Bowling*, 256 U. S. 484. The legislative history of the Act of 1910—Cong. Rec. vol. 45, p. 5811—lends support to this construction; and abundant reason for the provision becomes apparent upon consideration of the infinite difficulties which otherwise would arise in connection with the sundry duties of the Secretary of the Interior relative to Indian allotments.

We cannot accept the suggestion that the above-quoted exclusive feature of the Act of 1910, was repealed by the Act of December 21, 1911, c. 5, 37 Stat. 46, which amended § 24 Judicial Code and conferred upon District Courts jurisdiction " of all actions, suits, or proceedings involving the right of any person, in whole or in part of Indian

blood or descent,. to any allotment of land under any law or treaty." This paragraph is but a codification of provisions found in the Act of August 15, 1894, c. 290, 28 Stat. 305, as amended by the Act of February 6, 1901, c. 217, 31 Stat. 760. It has reference to original allotments claimed under some law or treaty, and not to disputes concerning the heirs of one who held a valid and unquestioned allotment.

The decree is

*Affirmed.*