## BERTRAND v. DOYLE.

Circuit Court of Appeals, Tenth Circuit.
December 4, 1929.

No. 92.

W. L. Chapman, of Shawnee, Okl., and T. G. Cutlip, of Tecumseh, Okl., for appellant.

C. E. Hall and Wm. P. Thompson, both of Oklahoma City, Okl., for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge. This is a suit in equity brought by John W. Bertrand against Kenneth Doyle to cancel certain deeds and to quiet title to a tract of land in Pottawatomie County, Oklahoma, which was formerly the allotment of Ze-qua-qua, a member of the Pottawatomie Tribe of Indians, enrolled as No. 1233 on the tribal roll.

The complaint alleges: That, on January 19, 1892, a trust patent for the land in question was issued to the allottee, Ze-qua-qua; that Ze-qua-qua was married to one Thomas Shah in 1890; that Ze-qua-qua died March 12, 1902; that Thomas Shah was her sole surviving heir; that Doyle claims title to the land through certain conveyances commencing with a deed executed on October 24, 1894, by Ze-qua-qua to Hercule Pessemier; that the deed from Ze-qua-qua to Pessemier was approved by the Secretary of the Interior; that such deed was obtained through fraud; that, on October 10, 1927, Bertrand discovered the facts constituting such fraud and revealed such facts to Thomas Shah, who, previously to that time, had no knowledge of such facts or of the making of such deed to Pessemier; that, on October 19, 1927, for a valuable consideration, Thomas Shah, by deed, conveyed to Bertrand the tract of land in question.

A motion to dismiss the bill was interposed, setting up, among other grounds, that the determination of the heirship of Ze-qua-qua was a prerequisite to the relief sought, and that jurisdiction to determine such heirship was vested solely in the Secretary of the Interior, under the provisions of the Act of June 25, 1910, 36 Stat. 855, Sec. 372, Tit. 25 U. S. C. (25 USCA § 372).

Section 372, supra, in part, reads as follows:

"That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a

352

will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

Counsel for Bertrand contend that the approval of this deed, by the secretary, removed the restrictions on the allotment, and that the provisions of section 372, supra, apply only to restricted allotments. However, by this action, Bertrand seeks to cancel the deed to Pessemier. Should this relief be granted, the situation would be the same as if no such deed had ever been made and the allotment would pass to the heirs of Ze-qua-qua, and the determination of such heirship is vested solely in the Secretary of the Interior, under section 372, supra. See First Moon v. White Tail & United States, 270 U. S. 243, 46 S. Ct. 246, 70 L. Ed. 565; United States v. Bowling, 256 U. S. 484, 41 S. Ct. 561, 65 L. Ed. 1054; Lane, Secy., v. Mickadiet, 241 U. S. 201, 36 S. Ct. 599, 60 L. Ed. 956; Hallowell v. Commons, 239 U. S. 506, 36 S. Ct. 202, 60 L. Ed. 409.

Counsel for Bertrand further contend that section 372, supra, has no application because this allotment was made in 1892. This contention is fully answered by the language of the Act, which reads:

"When any Indian to whom an allotment of land *has been made, or may hereafter be made, etc.*"

The Act clearly applies to both past and future allotments and to all questions of heirship of the allottee arising within the trust period.

Counsel for Bertrand also contend that section 372, supra, does not apply because Ze-qua-qua died in 1902. No determination, by the courts, of the heirs of Ze-qua-qua appears to have been made prior to the passage of section 372, supra, and the Supreme Court, in Hallowell v. Commons, supra, held that the Act was exclusive in its terms; that it made no exceptions for pending litigation, but purported to be universal and that it took away the jurisdiction which, for a time, had been conferred upon the courts of the United States.

Unless Bertrand's grantor is the lawful heir of Ze-qua-qua, Bertand is without right to maintain this suit. The question of heirship must first be determined by the Secretary of the Interior.

It is our conclusion that the court rightfully dismissed the bill. The costs are adjudged against Bertrand and the judgment is

Affirmed.