Charles W. **HEFFELMAN**, Appellant,

v.

Stewart L. **UDALL**, Secretary of the Department of Interior of the United States, Appellee.

No. 9057.

United States Court of Appeals Tenth Circuit.

May 24, 1967.

---

Jess Larson, Washington, D. C. (Urban A. Lester, Washington, D. C., with him on the brief), for appellant.

John G. Gill, Jr., Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., John M. Imel, U. S. Atty., Hugh V. Schaefer, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

The primary question here presented is whether jurisdiction exists under section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, to permit judicial review of a decision of the Secretary of the Interior determining heirship to the restricted estate of an Indian. The district court dismissed the action for lack of jurisdiction and this appeal followed.

Appellant is a claimant to part of the restricted estate of Louise Wilson, an unallotted Quapaw Indian who died testate on June 16, 1962. Decedent, under the terms of a will executed with the approval of the Secretary, left her estate to certain named persons with a proviso that in the event she remarried [1] her husband was to receive one-third of her estate. Appellant claims that he is the surviving husband of Louise Wilson through a valid common-law marriage existing at the date of her death. The Secretary, after a full evidentiary hearing, found from conflicting evidence and as a matter of ultimate fact that there had been no common-law marriage and designated distribution of the estate to the named beneficiaries. Appellant contends, among other things, that such finding is not based upon substantial evidence and is contrary to the laws of the State of Oklahoma and the United States.

As this court noted in Chournos v. United States, 10 Cir., 335 F.2d 918, 919, approval apparently has been given judicial jurisdiction to entertain suits under section 10 of the Administrative Procedure Act to review decisions of the Secretary of the Interior in some instances where the aggrieved party has exhausted available administrative remedies. Best v. Humboldt Placer Mining Co., 371 U.S. 334, 338 n. 7, 83 S.Ct. 379, 9 L.Ed.2d 350; Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836. The

---

1. Decedent had been married four times when the will was executed in September 1952. She had divorced her fourth husband in June 1952. In her will, decedent bequeathed to her adopted son a remainder interest in all of her estate, subject to a life estate with a power of sale or disposal to the parents of her fourth husband.

Act, however, is self-limiting and has no application where "(1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion." We must, then, turn to a consideration of the authority expressed or implied in the statutes pertaining to the Secretary's control over the distribution of restricted Indian estates.

The Act of June 25, 1910, 36 Stat. 855, as amended, 25 U.S.C. §§ 372, 373, provides:

"Sec. 1. When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, *the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive.* If the Secretary of the Interior decides the heir or heirs of such decedent competent to manage their own affairs, he shall issue to such heir or heirs a patent in fee for the allotment of such decedent; if he shall decide one or more of the heirs to be incompetent, he may in his discretion, cause such lands to be sold * * *.

"Sec. 2. Any persons of the age of twenty-one years having any right, title, or interest in any allotment held under trust or other patent containing restrictions on alienation or individual Indian moneys or other property held in trust by the United States shall have the right prior to the expiration of the trust or restrictive period, and before the issuance of a fee simple patent or the removal of restrictions, to dispose of such property by will, in accordance with regulations to be prescribed by the Secretary of the Interior: *Provided, however,* That no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Secre-

tary of the Interior: *Provided further,* That the Secretary of the Interior may approve or disapprove the will either before or after the death of the testator, and in case where a will has been approved and it is subsequently discovered that there has been fraud in connection with the execution or procurement of the will the Secretary of the Interior is authorized within one year after the death of the testator to cancel the approval of the will, and the property of the testator shall thereupon descend or be distributed in accordance with the laws of the State wherein the property is located: *Provided further,* That the approval of the will and the death of the testator shall not operate to terminate the trust or restrictive period, but the Secretary of the Interior may, in his discretion, cause the lands to be sold and the money derived therefrom, or so much thereof as may be necessary, used for the benefit of the heir or heirs entitled thereto, remove the restrictions, or cause patent in fee to be issued to the devisee or devisees, and pay the moneys to the legatee or legatees either in whole or in part from time to time as he may deem advisable, or use it for their benefit: *Provided also,* That this section and section 372 of this title [section 1 of the Act] shall not apply to the Five Civilized Tribes or the Osage Indians." (Emphasis added.)

Appellant, although necessarily conceding that section 1 establishes the finality of the Secretary's determination of heirship under intestacy, argues that the determination of the Secretary in the case at bar was made under section 2 which contains no express limitations on judicial review when disposition of property is made by will and is thus, says appellant, subject to review under the Administrative Procedure Act. And, indeed, one circuit in reviewing the validity of an Indian will has so held. Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761. On the other hand, that same court, in a case determining heirship where both testacy and intestacy were

involved, has denied jurisdiction. Hayes v. Seaton, 106 U.S.App.D.C. 126, 270 F. 2d 319. We are here, however, not concerned with a question of the validity of a will. The Secretary's determination in that respect is not disputed. Rather, we are urged to hold that the absence or presence of a will is the determinative premise upon which jurisdiction to review the Secretary's finding of a question of fact is dependent. To so hold, we believe, would reduce "the act of Congress [the Act of June 25, 1910] * * * to impotence by its contradictions." Blanset v. Cardin, 256 U.S. 319, 325, 41 S.Ct. 519, 522, 65 L.Ed. 950. Certainly, if Louise Wilson had died intestate, the rejection of appellant's claim to heirship and the Secretary's finding would not be subject to judicial review. Henrietta First Moon v. Starling White Tail, 270 U.S. 243, 46 S.Ct. 246, 70 L. Ed. 565. While there may be legal distinctions to be drawn between the claim of an heir and the claim of a legatee, it would be illogical and contrary to the whole history of laws governing Indian property to ascribe to Congress by way of a negative inference an intention to provide the Secretary of the Interior with unfettered discretion on the one hand but not on the other. We think that as long as an Indian allotment remains subject to the Secretary's control, cf. Hanson v. Hoffman, 10 Cir., 113 F.2d 780, sections 1 and 2 of the Act of 1910 should be viewed as complementing each other with respect to the finality of the administrative determination of facts. We accordingly conclude that such a determination comes within the jurisdictional exception stated in section 10 of the Administrative Procedure Act.

 When judicial review of the merits of an administrative decision is denied by statute, such review does not become available through bolstering but conclusionary allegations in the complaint alleging the action of the administrative agency to be arbitrary and capricious, a denial of constitutional rights, or similar allegations. Such claims must be considered in view of the essence of the factual assertions and the content of the administrative decision. Schilling v. Rogers, 363 U.S. 666, 676, 80 S.Ct. 1288, 4 L.Ed.2d 1478. Here, appellant alleges that the administrative hearing was conducted in an arbitrary manner denying to him the right to introduce undesignated evidence and cross-examine undesignated witnesses upon matters affecting their credibility, and further that he was improperly denied a new hearing upon the grounds of newly discovered evidence. The administrative record, other than the decision (which indicates consideration of these allegations and concludes that appellant was afforded full opportunity to present his claims), is not before us. We thus conclude that the trial court properly held that jurisdiction did not exist under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus, see Prairie Band of Pottawatomie Tribe of Indians v. Udall, 10 Cir., 355 F.2d 364, 367); 28 U.S.C. § 1391(e) (venue); or 28 U.S.C. § 2201 (declaratory judgment).

The judgment is affirmed.