**Willis ATTOCKNIE, Appellant,**

v.

**Stewart L. UDALL, Secretary of the Interior, Appellee.**

**No. 9391.**

United States Court of Appeals
Tenth Circuit.

March 14, 1968.

Durward McDaniel, Oklahoma City, Okl. (David Cobb, Washington, D. C., and Darrell Winings, Oklahoma City, Okl., with him on the brief), for appellant.

Frank B. Friedman, Atty., Dept. of Justice (J. Edward Williams, Acting Asst. Atty. Gen., B. Andrew Potter, U. S. Atty., Robert L. Berry, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, with him on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

The appellant is a Comanche Indian who seeks judicial relief from certain determinations by the Secretary of the Interior relative to the last will and testament of Albert Attocknie, a deceased Comanche Indian allottee.

The petitioner, in the administrative proceedings, contested the approval of the decedent's will on the ground that the decedent was not competent, and was suffering at the time the will was executed from an insane delusion as to his relationship to the petitioner. The Examiner of Inheritance approved the will, and his findings and conclusions were approved by the Secretary.

Appellant filed a complaint in the United States District Court seeking a review of the administrative decisions. An answer was filed by the United States, and thereafter both parties filed motions for summary judgment in the United States District Court. The court found that the orders of the Secretary were supported by the record, were not arbitrary nor capricious, and dismissed the action.

The Secretary asserted before the trial court that the determinations made by him were final, and were not subject to judicial review. Reliance is placed in his argument on the wording of 25 U.S.C. §§ 372 and 373, and the Secretary further asserted that the Administrative Procedure Act does not permit the review sought by the petitioner.

The record shows that the decedent at the time of his death was a member of the Comanche Tribe who held a trust allotment and was also the beneficial owner of other allotted trust lands which he had received by inheritance. The will in question purported to dispose of this trust property by devising it in equal shares to four named children of his, but not including the petitioner. The will contained a provision referring to the petitioner which reads as follows: "I leave nothing to Willis Attocknie because he is not my son."

The Examiner of Inheritance, at the conclusion of his hearing, determined that there had been no showing made that the decedent was not competent, and also found that appellant was the illegitimate son of the decedent. This was appealed to the Secretary by the petitioner, but it was upheld. The hearing held by the Examiner was called for the purpose of ascertaining the heirs at law of the decedent and to determine the facts and circumstances surrounding the execution of the will. The regulations of the Department pertaining to wills, and adopted pursuant to 25 U.S.C. § 373, require a consideration of the competency of a testator.

Following the Secretary's order approving the will, petitioner commenced this action in the United States District Court by a complaint which recites that it is filed pursuant to "5 U.S.C. 1009." This provision of the Administrative Procedure Act now appears as 5 U.S.C. § 701. The statutory provisions relating to the heirship and wills of the members of certain Indian Tribes, including that of the decedent, are contained in 25 U.S.C. §§ 372, 373. These provisions concern only the heirship and wills of certain deceased Indians who hold trust allotments at the time of their deaths. Section one [§ 372] provides for the determination of heirship of such Indians who die intestate, and it states specifically that the decision of the Secretary of the Interior in ascertaining the heirship of such a decedent "shall be final and conclusive." The second section [§ 373] states that such Indian owners of trust allotments shall have the right during the trust period to dispose of such property by will in accordance with the regulations of the Secretary of the Interior. This section also provides that no will "so executed" shall be valid until it shall have been approved by the Secretary, and approval or disapproval may take place either before or after the testator's death. The disposition of the trust property by such an approved will does not alter the trust character of the property. The second section [§ 373] does not contain a state-ment, comparable to that contained in the first section, to the effect that the decision of the Secretary shall be final and conclusive. The case before us concerns action by the Secretary taken pursuant to an issue arising under section 373.

The Secretary asserts that there can be no judicial review of the determination of heirship under section one [25 U.S.C. § 372] by the express wording thereof, and that Congress likewise intended that there be no review under section two [25 U.S.C. § 373] by reason of the fact that the two sections are so closely related and both concern the management and policies of the Secretary relating to trust property. Thus the Secretary here argues that the two sections should be construed as one on the review issue.

We are here only concerned with judicial review as it relates to orders of the Secretary of the Interior issued pursuant to 25 U.S.C. §§ 372 and 373, and particularly § 373, although the appellee urges strongly a broader consideration.

This court in Heffelman v. Udall, 378 F.2d 109 (10th Cir.), had before it an administrative decision that the petitioner was not the common law husband of a decedent who had left a will making provision that her "husband" was to receive a fraction of her estate. The court there noted that it was clear there could be no judicial review of a determination of heirship in the absence of a will, and that the mere existence of a will did not thereby make the administrative proceeding subject to judicial review. This court in the cited case said:

"* * * [S]ections 1 and 2 of the Act of 1910 [25 U.S.C. §§ 372, 373] should be viewed as complementing each other with respect to the finality of the administrative determination of facts. We accordingly conclude that such a determination comes within the jurisdictional exception stated in section 10 of the Administrative Procedure Act."

The court thus held that judicial review of the administrative decision relating to the distribution of the Indian's allotted trust estate was not permitted under the

# 638

Administrative Procedure Act, and also held there was no jurisdiction under statutes relating to the federal question, mandamus, or declaratory judgments.

The decision of this court in Heffelman v. Udall, supra, is controlling here, and it precludes the review sought by the petitioner in this proceeding.

The case is reversed and is remanded to the District Court with directions that the complaint and the cause be dismissed for lack of jurisdiction.