394

Dorita **HIGH HORSE**, Appellant,

v.

James Tooahimpah **TATE**, Frankie Lee Tooahnippah, Vila Tooahnippah and Julia Tooahnippah (Goombi), Appellees.

Stewart L. **UDALL**, Secretary of the Interior, Department of Interior of the United States of America, Appellant,

v.

James Tooahimpah **TATE**, Frankie Lee Tooahnippah, Vila Tooahnippah and Julia Tooahnippah (Goombi), Appellees.

Nos. 9979, 9980.

United States Court of Appeals Tenth Circuit.

March 3, 1969.

Rehearing Denied April 8, 1969.

Houston Bus Hill, Oklahoma City, Okl., for appellant, Dorita High Horse.

Clyde O. Martz, Asst. Atty. Gen., Washington, D. C. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., S. Billingsley Hill and John G. Gill, Jr., Attys., Dept. of Justice, Washington, D. C., on the brief) for appellant, Stewart L. Udall, Secretary of the Interior.

Omer Luellen, Hinton, Okl., for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and HILL, Circuit Judges.

PER CURIAM.

This litigation originated with the filing of a complaint in the United States District Court for the Western District of Oklahoma by the appellees in the two consolidated appeals before us. The action sought judicial review of the orders of the Secretary of the Interior and his subordinates. Jurisdiction was invoked under the Administrative Procedure Act and 28 U.S.C. § 1391. The trial court took jurisdiction under § 1391, sustained a Motion for Summary Judgment filed by the plaintiffs, appellees here, and reversed the order of the Secretary and his subordinates.

The basic facts are without dispute. One George Chahsenah, a Comanche Indian, died, leaving a will dated March 4, 1963, and by this instrument left all of his estate consisting of Indian Trust property to his niece and her three children, who are the appellees in both appeals.[1] Pursuant to 25 U.S.C. §§ 372 and

---

1. The record shows that the decedent had executed five prior wills. The first in 1956 left his property to a niece; the second in 1957 left his property to a friend; the third in 1959 left his prop-

erty to a different friend; the fourth in favor of a nephew; and the fifth devised his estate to a cousin. None of his wills contained any reference to appellee Dorita High Horse, his daughter.

373, after hearings, a Department of Interior Examiner of Inheritance approved the will and ordered distribution of the estate accordingly. Appellant, Dorita High Horse, the natural daughter of the testator, contested the will before the Examiner and appealed the decision to the Secretary of the Interior.

The Secretary reviewed the record, approved the findings of fact made by the Examiner, including a finding that Dorita was the natural daughter and only heir-at-law of the decedent, and ruled that it was "inappropriate" to "perpetuate this utter disregard for the daughter's welfare by lending his approval to decedent's will." He disapproved the will and ordered distribution to Dorita High Horse, as the sole heir of decedent. The filing of this action followed and Dorita intervened to assert her rights under the decision of the Secretary.

At the outset we are confronted with the question of jurisdiction, which was raised in the trial court and argued here by appellees. A lengthy discussion of the question is not necessary because this court, in two recent decisions, has denied jurisdiction of the courts to review orders of the Secretary concerning either intestate succession of restricted Indian property or the approving or disapproving of wills effecting restricted Indian property. In a well reasoned opinion in Heffelman v. Udall, 378 F.2d 109 (1967), Judge Lewis held that sections 1 and 2 of 25 U.S.C. § 372 precluded judicial review of such orders in any action brought under 28 U.S.C. § 1331, § 1361, § 1391 or § 2201. In Attocknie v. Udall, 390 F.2d 636 (1968), cert. den. 393 U.S. 833, 89 S. Ct. 104, 21 L.Ed.2d 104, 1968, this court reaffirmed the teachings of Heffelman, and we certainly are not disposed to disturb the law of those cases.

For the reasons stated in Heffelman v. Udall, supra, and Attocknie v. Udall, supra, the judgment of the trial court is Vacated and the case is Remanded with directions to dismiss the action for want of jurisdiction.