**Jonathan Morris TOOISGAH and Velma Tooisgah, Plaintiffs,**

**v.**

**Thomas J. KLEPPE, Secretary of the Interior of the United States, Defendant.**

**No. CIV–76–0037–D.**

United States District Court, W. D. Oklahoma.

June 7, 1976.

---

Houston Bus Hill, Oklahoma City, Okl., for plaintiffs.

David L. Russell, U.S. Atty., by John E. Green, 1st Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

Plaintiffs initiated this action seeking judicial review of a decision by Defendant through the Office of Hearings and Appeals, Interior Board of Indian Appeals, in regard to the Estate of Phillip Tooisgah (Deceased). Deceased died intestate leaving property which was restricted and under the control of Defendant. Plaintiff Jonathan Morris Tooisgah filed a claim in the probate of Deceased's estate which was approved by Defendant to the effect that this Plaintiff was the sole surviving child of Deceased. Plaintiff Velma Tooisgah (Velma) filed a claim with Defendant alleging she was the Deceased's surviving spouse. Velma's claim was denied and the claim of a third person, Clara Walker Tooisgah who also claimed to have been the Deceased's surviving spouse, was approved. The determination by Defendant that Clara Walker Tooisgah (Clara) was the surviving spouse of Deceased is the only error complained of by Plaintiffs for which judicial review is sought in this action.

Defendant has filed a Motion to Dismiss which is supported by a Brief. Plaintiffs have filed a Brief in Response to said Motion. Defendant contends that the decision Plaintiffs complain of was made pursuant to 25 U.S.C. § 372 whereby Deceased died intestate and the provisions of same clearly preclude judicial review. Plaintiffs for their Response urge that the United States Supreme Court in the case of *Tooahnippah v. Hickel*, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970) held that decisions of the Secretary of Interior under 25 U.S.C. § 373 were reviewable by the Courts. It is urged by Plaintiffs that the determination for which review is sought as to whether Plaintiff Velma or the third person Clara was the surviving spouse of Deceased was not a determination of his heirs and therefore not made pursuant to 25 U.S.C. § 372. This contention is made upon the theory that under the common law a surviving spouse was not an "heir". It is urged that under Oklahoma law[1] a surviving spouse takes under a statutory descent and distribution scheme and not by reason of heirship. It is conceded by Plaintiffs that if the determination for which review is sought constitutes an ascertainment of the identity of the legal heirs of Phillip Tooisgah, the Court lacks jurisdiction of this matter. The Court finds this latter concession to be controlling and to constitute the sole and only

---

1. Oklahoma laws of descent and distribution are applicable in settling estates of Indians possessing restricted lands. *Jackson v. Harris*, 43 F.2d 513 (Tenth Cir. 1930).

matter which need be determined in ruling on the instant Motion to Dismiss.

25 U.S.C. § 372 provides in pertinent part:

"When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, *the Secretary of the Interior*, upon notice and hearing, under such rules as he may prescribe, *shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive.*" (Emphasis added.)

In the case of *Crutcher v. Joyce*, 134 F.2d 809 (Tenth Cir. 1943) the Court stated at page 815 as follows:

". . . the word 'heirs' in its strict and technical sense applies to persons appointed by law to succeed in the estate in case of intestacy; but it is frequently used to designate those persons who answer this description at the death of a testator."

Said definition would appear to apply in determining a surviving spouse in the instant case wherein the applicable provisions of descent and distribution pursuant to 84 Okl.Stat. 1971 § 213 requires a consideration whether a Deceased left a surviving husband or wife.

 The statutory provision found in 25 U.S.C. § 372 which is pertinent in considering the instant motion was considered in the case of *Henrietta First Moon v. Starling White Tail*, 270 U.S. 243, 46 S.Ct. 246, 70 L.Ed. 565 (1926) wherein the Supreme Court held specifically that a District Court had no jurisdiction under issues which are the same as before this Court which were stated by the Supreme Court as follows:

"It appears from the bill that the Secretary of the Interior after due consideration determined who were the heirs and in doing so eliminated appellant, although she claimed to be the only surviving lawful wife."

The preceding case involving the same issues before the Court herein was cited with approval by the Supreme Court in *Tooahnippah v. Hickel, supra*, in so far as it applied to 25 U.S.C. § 372.

In *Tooahnippah v. Hickel, supra*, it was stated:

"The Administrative Procedure Act contemplates judicial review of agency action 'except to the extent that—(1) statutes preclude judicial review; . . .' 5 U.S.C. § 701."

In the instant case, the Court concludes that the determination by Defendant as to Deceased's surviving spouse following his intestate demise was made pursuant to 25 U.S.C. § 372 and the provisions of said statute precludes judicial review of such determination and this Court lacks jurisdiction in this action. The Motion to Dismiss is sustained and the action is dismissed.