Leroy V. JOHNSON et al.,
Plaintiffs-Appellants,

v.

Thomas S. KLEPPE, Secretary of the Interior for the United States of America, Washington, D. C., Defendant-Appellee.

No. 77-1254.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 26, 1978.

Decided April 19, 1979.

F. Browning Pipestem, Norman (William Douglas Giessmann, Norman, on the brief), for plaintiffs-appellants.

John E. Green, U. S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, and LEWIS and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This case concerns a determination of the legal heirs of one Herbert Franklin Cooke made by the Secretary of the Interior pursuant to 25 U.S.C. § 372. Cooke's father was a Pima Indian, and his mother was a Caddo Indian. At the time of his death Cooke had an interest in certain allotted Indian lands located in Oklahoma which he had inherited from his maternal ancestors. Cooke having died intestate, a proceeding was later instituted within the Department of Interior to ascertain his legal heirs. The Secretary ultimately determined that four nieces and three nephews, children of Cooke's half-blood sister, were Cooke's legal heirs. In thus holding, the Secretary rejected the claim of Cooke's whole-blood first cousins on his mother's side of the family. In this regard, the Secretary, making his determination on the basis of Oklahoma law, concluded that the nieces and nephews were related to Cooke in the third degree, whereas the first cousins were related in only the fourth degree.*

The first cousins instituted the present proceedings in the United States District for the Western District of Oklahoma seeking review of the Secretary's decision. It was plaintiffs' position that the Secretary had misinterpreted the provisions of 84 Okl. Stat. § 222 relating to inheritance by kindred of the half-blood, and had misread and misapplied *In Re Estate of Robbs v. Howard*, 504 P.2d 1228 (Okl.1973), which case construed the provisions of 84 Okl.Stat. § 222. To such complaint the Secretary filed a motion to dismiss on the ground,

among others, that a determination of legal heirs under 25 U.S.C. § 372 is not reviewable by the judiciary.

The motion to dismiss was denied without comment, at least insofar as the record before us is concerned. The matter was later submitted to the trial court on the basis of the record made in the various administrative hearings and on written briefs. The trial court, by a short memorandum order, upheld the Secretary, ruling that he had properly interpreted Oklahoma law, which it is agreed governs the determination of Cooke's legal heirs.

The first cousins, plaintiffs in the trial court, now appeal. After briefing and oral argument on the merits, this Court requested, and received, supplemental briefing on the issue of whether a determination of the Secretary under 25 U.S.C. § 372 is reviewable by the courts. In such supplemental briefs the plaintiffs argue that the determination of the Secretary is subject to judicial review, while the Secretary reiterates the position first taken in the trial court, i. e., that a determination under 25 U.S.C. § 372 is "final and conclusive," and not subject to judicial review. Our study of the matter convinces us that the Secretary's position is the correct one.

25 U.S.C. § 372 provides, in part, as follows:

When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive.

---

* Cooke's father, Luke Frank Cooke, was first married to a Pima Indian and later to a Caddo Indian. The nieces and nephews are the children of a daughter born of Luke Frank Cooke's first marriage to a Pima. The first cousins are children of a sibling of Herbert Franklin Cooke's mother, a Caddo. For controlling authority on the question of degree of relationship, see 84 Okl.Stat. § 221.

In *First Moon v. White Tail*, 270 U.S. 243, 46 S.Ct. 246, 70 L.Ed. 565 (1926) it was contended, as here, that the Secretary had misapplied the law of Oklahoma in determining the legal heirs of a decedent. The Supreme Court held, however, that the "final and conclusive" language in a predecessor statute to 25 U.S.C. § 372 precluded judicial review.

In *Tooahnippah v. Hickel*, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970), the Supreme Court held that a determination by the Secretary under 25 U.S.C. § 373, involving testacy rather than intestacy, was subject to judicial review, since the "final and conclusive" language appearing in 25 U.S.C. § 372 was not repeated in § 373. In so holding the Supreme Court reaffirmed, in effect, *First Moon*, noting that "Congress quite plainly stated that the Secretary's action under § 1 [25 U.S.C. § 372] was not to be subject to judicial scrutiny." 397 U.S. at 607, 90 S.Ct. at 1322. In accord, see *Tooisgah v. Kleppe*, 418 F.Supp. 913 (W.D.Okl. 1976). The foregoing is in our view dispositive of the matter.

The plaintiffs-appellants suggest that jurisdiction is conferred under the Administrative Procedure Act. However, that Act by its own terms does not apply where "statutes preclude judicial review." 5 U.S.C. § 701(a). Although the modern view is that there is a presumption in favor of judicial review, *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), in our view *First Moon* and *Tooahnippah* clearly interpret 25 U.S.C. § 372 to preclude judicial review of a determination by the Secretary under that section. Nor do we regard the instant case as raising any constitutional issues, as was the situation in *Eskra v. Morton*, 524 F.2d 9 (7th Cir. 1975). In *Eskra* the underlying dispute concerned the constitutionality of a state statute which was essential to the administrative decision. Here the plaintiffs *rely* on an Oklahoma statute, and their complaint is that the Secretary simply misread and misapplied a decision of the Oklahoma Supreme Court interpreting such statute. The rule of *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974),

followed in *Eskra*, therefore has no application.

The judgment of the trial court is reversed, and the case is remanded with direction to dismiss the action for lack of jurisdiction.