Martha Alfreda Racine CRAWFORD, Henry Nelson Racine, Donald Juan Racine, Feral Barbara Racine Wagner, Nettie Louise Racine Harrison, Eleanore Bess Racine Monroe, Arlene Mary Racine Sinclair, Carol Ann Racine Pepion, Bonnie Jean Racine Dunn, Theresa Marie Wilson Monroe, Colleen Fawn Wilson Gray, Scott William Wilson and Martha Alfreda Racine Crawford as Guardian ad Litem for Troy Delbert Wilson and Julie Ann Wilson, minor children, Plaintiffs,

v.

Cecil B. ANDRUS, Secretary of the Department of the Interior, United States of America, Defendant.

No. CV-78-8-GF.

United States District Court, D. Montana, Great Falls Division.

July 13, 1979.

Sandra K. Watts, Graybill, Ostrem, Warner & Crotty, Great Falls, Mont., for plaintiffs.

Robert T. O'Leary, U. S. Atty., Lorraine D. Gallinger, Asst. U. S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

HATFIELD, District Judge.

The Plaintiffs herein claim to be the heirs of Henry F. Racine, Sr., who died intestate on April 18, 1974, possessed of a restricted allotment of land through his membership in the Blackfeet Tribe. Hearings were held to determine his heirs pursuant to 25 U.S.C. § 372. An Order Determining Heirs was issued on December 22, 1976, by an Administrative Law Judge. Plaintiffs petitioned for a rehearing which was denied. Plaintiffs then appealed the decision to the United States Department of the Interior, Board of Indian Appeals, which upheld the original decision. Plaintiffs now seek review of this determination, and the Defendant has moved to dismiss on the ground that this court lacks jurisdiction.

25 U.S.C. § 372 is the governing provision in this issue. This section states that the determination by the Secretary of the Interior of the legal heirs of an Indian who dies intestate while holding an allotment of land before the expiration of the trust period shall be final and conclusive.

The consistent holdings of the courts which have interpreted this provision are that judicial review of such determinations is barred by the language of the statute. *Tooahnippah v. Hickel*, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970); *Arenas v. United States*, 197 F.2d 418 (9th Cir., 1952); *Heffelman v. Udall*, 378 F.2d 109 (10th Cir., 1967); *Attocknie v. Udall*, 390 F.2d 636 (10th Cir., 1968), cert. den. 393 U.S. 833, 89 S.Ct. 104, 21 L.Ed.2d 104; *High Horse v. Tate*, 407 F.2d 394 (10th Cir., 1969); *Tooisgah v. Kleppe*, 418 F.Supp. 913 (W.D.Okl., 1976).

Some courts, despite the plain language of the Statute, have allowed review of determinations by the Department of the Interior under 25 U.S.C. § 372. See *Simmons v. Eagle Seelatsee*, 244 F.Supp. 808 (E.D. Wash.1965), affirmed 384 U.S. 209, 86 S.Ct. 1459, 16 L.Ed.2d 480 (1966) and *Eskra v. Morton*, 524 F.2d 9 (7th Cir., 1975). In the cases where review has been allowed there have been questions about the constitution-

ality of separate statutory provisions used by the Department of the Interior in making its determinations under 25 U.S.C. § 372. The questions as to constitutionality have not concerned § 372 itself. For example, in *Simmons, supra,* there was a dispute over the constitutionality of 25 U.S.C. § 607, which concerns inheritance by members of the Yakima Tribes. In *Eskra, supra,* the issue was the constitutionality of a Wisconsin heirship statute, which also was determinative in the selection of heirs under the procedures set forth through § 372. In both cases the courts were of the opinion that the bar to judicial review contained in § 372 did not stop consideration of the constitutionality of these separate but relevant statutory provisions which the Department of the Interior was forced to consider in its deliberations under § 372.

The Plaintiffs herein claim that they were denied their Fifth Amendment rights to due process in the hearings and administrative appeal held by the Administrative Law Judge and the Interior Board of Indian Appeals. They have, therefore, placed in issue here the constitutionality of the actual procedures followed in the § 372 proceedings. This is then a direct attack on § 372, and to allow review of this case would effectively repeal that part of § 372 which is now in question.

Congress has removed the jurisdiction of questions under 25 U.S.C. § 372 from the Federal Courts. See *Hallowell v. Commons,* 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916); and *Arenas, supra.*

The Court can find no exception to the rule discussed above and can find no basis for jurisdiction under 25 U.S.C. § 372.

Neither does this Court have jurisdiction under 25 U.S.C. § 345. That section has reference to original allotments of land to Indians, not disputes concerning the heirs of one who has held the valid allotment. *Henrietta First Moon v. Starling White Tail,* 270 U.S. 243, 46 S.Ct. 246, 70 L.Ed. 565 (1926); *U. S. v. Eastman,* 118 F.2d 421 (C.C.A.Wash., 1941), cert. den. 314 U.S. 635, 62 S.Ct. 68, 86 L.Ed. 510.

This Court, therefore, does not reach the question of violation of the Plaintiffs' right to due process of law as guaranteed by the Fifth Amendment of the Constitution. However, the Court notes that the Administrative Law Judge held five separate hearings on this matter and gave the Plaintiffs ample opportunity to present their case. Plaintiffs' attorney of record was notified of three of these hearings, but attended only one. Ample notice was given to the Plaintiffs of these proceedings. It is also notable that a brief that Plaintiffs claim was omitted from the records submitted to the Board of Indian Appeals was submitted to the Administrative Law Judge one day after a deadline which had been set by her for submission of additional evidence. As to the Plaintiffs' claim that the Board of Indian Appeals failed to decide the case upon correct and applicable law, as noted above both the procedures and the law followed by the Board of Indian Appeals are not reviewable by this Court in this particular case.

On the basis of the foregoing and for the reasons outlined above,

IT IS ORDERED that the Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint be, and the same hereby is, granted.