770 F.2d 839
 Larry E. RUFF, Plaintiff-Appellant,
v.
Donald HODEL, Secretary of the Interior*; and
the Bureau of Indian Affairs, Defendants-Appellees.
 No. 84-3809.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 15, 1985.
Decided Sept. 4, 1985.
 
 David R. Simon, Stephen R. Frank, Tooze, Kerr, Marshall & Shenker, Portland, Or., for plaintiff-appellant.
 George D. Dysart, Asst. U.S. Atty., Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN, SKOPIL and WIGGINS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry E. Ruff appeals the district court's dismissal of his petition for judicial review of an adverse decision of the Interior Board of Indian Appeals. Because the district court had no jurisdiction, we affirm.
 
 
 2
 Larry Ruff claims to be the biological son of Warren M. Ruff, an enrolled member of the Klamath Tribe, who died intestate in 1970. Warren Ruff's estate was entitled to a per capita share of an Indian Claims Commission judgment awarded to the Klamath Indian Tribe in 1964. Distribution of the claim monies is governed by the Klamath Judgment Distribution Act of 1965, 79 Stat. 897, 25 U.S.C. Secs. 565-565g. Warren Ruff's known heirs received partial distribution in 1975 following a determination of heirship by the area director of the Bureau of Indian Affairs. Two years later, Larry Ruff wrote a letter to the Bureau of Indian Affairs claiming to be the sole heir.
 
 
 3
 When Ruff presented his claim, the area director of the Bureau of Indian Affairs denied it as unproved. Ruff took an administrative appeal pursuant to 25 C.F.R. Secs. 2.10-2.19 and 43 C.F.R. Secs. 4.330-4.340. On appeal, the Interior Board of Indian Appeals (Board) referred the case to an administrative law judge for an evidentiary hearing. The judge found that Larry Ruff was the biological child of Warren Ruff. The Board rejected the administrative law judge's findings in favor of the area director's decision to deny Ruff's claim. The Board's decision constituted final administrative action on Ruff's claim. 43 C.F.R. Sec. 4.340. Ruff brought suit in federal district court to challenge the denial of his heirship. The district court granted the Secretary's motion to dismiss the case, holding that the statutory language of 25 U.S.C. Sec. 565a(b) precluded judicial review.
 
 
 4
 This appeal presents a tension between the general principle that administrative action is reviewable in court, and the Secretary's assertion that the particular language of the Klamath Distribution Act precludes review. The statute provides:
 
 
 5
 [A] share [of Klamath judgment funds] payable to a deceased enrollee shall be paid to his heirs or legatees upon the filing of proof of death and inheritance satisfactory to the Secretary of the Interior, whose findings and determinations upon such proof shall be final and conclusive....
 
 
 6
 25 U.S.C. Sec. 565a(b). The case is made more troublesome because the Board's administrative law judge made a factual determination that Ruff was the biological child of the deceased tribal member. The Board, however, points to evidence of numerous actions by Ruff and his mother which were inconsistent with Ruff's claim that Warren Ruff was his father. We need not review the factual basis of Larry Ruff's claim because we hold that the trial court correctly terminated the case as one not subject to judicial review.
 
 
 7
 The presumption that persons aggrieved by administrative action are afforded judicial review of that action gives way when the statute being applied precludes such relief or commits the action to agency discretion. Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). See 5 U.S.C. Sec. 701(a). The bar to judicial review is not to be raised lightly; it requires a "persuasive reason to believe" that Congress intended to preclude judicial review. Abbott Labs., 387 U.S. at 140, 87 S.Ct. at 1511. Such a reason may be found in explicit statutory authority precluding review, or in a system of remedies which, in the context of the entire legislative scheme, demonstrates that Congress intended to prevent judicial review. Id. at 141, 87 S.Ct. at 1511. Both indications of congressional intent exist here.
 
 
 8
 This is not a situation in which Congress has provided no guidance as to whether review is available and in which we must begin from scratch the search for a "reliable indicator of Congressional intent." See Block v. Community Nutrition Instititute, 467 U.S. 340, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984). See also, Stark v. Wickard, 321 U.S. 288, 308-10, 64 S.Ct. 559, 570-71, 88 L.Ed. 733 (1944). Instead, Congress has shown an intent to prohibit any review. The statute commits to the Secretary's "final and conclusive" discretion the finding of whether an applicant for a share of the Klamath Judgment Fund is an heir of a deceased tribe member. The statutory proscription on judicial review scarcely could be more explicit.
 
 
 9
 Moreover, this prohibition is consistent with the rest of the statutory scheme. Many sections of Title 25 authorize the Secretary to make a final and conclusive determination of heirship in the same context as this one was made. E.g., 25 U.S.C. Sec. 788g (Creek Nation); Sec. 883a(b) (Osage Tribe); Sec. 964(a) (Omaha Tribe); Sec. 1103 (Nooksack Tribe); Sec. 1133 (Duwamish Tribe); Sec. 1184 (Delaware Nation); Sec. 1191 (Umatilla Tribes). There are, however, some variations in the finality of the Secretary's findings with regard to heirship and other kinds of fact finding. For example, with regard to some tribes, Congress has not explicitly afforded special weight to the Secretary's determination of heirship, 25 U.S.C. Sec. 1233 (Chemehuevi Tribe), while tribal membership decisions are final, Sec. 1232(a)(2). With regard to the Nooksack Tribe, Congress has provided that the Secretary's finding of heirship is final and conclusive, 25 U.S.C. Sec. 1103, but the Secretary's determination of membership in the tribe is only final. 25 U.S.C. Sec. 1101. There are other slight differences in the wording of Indian judgment distribution statutes. Compare 25 U.S.C. Sec. 565a ("findings and determinations upon such proof shall be final and conclusive") with Secs. 1103, 1133 ("findings upon such proof shall be final and conclusive"). The finality of the Secretary's decision in other similar contexts is also subject to minor variations. See, e.g., 25 U.S.C. Sec. 443a (Secretary's "determination" that federal property conveyed to an Indian tribe be forfeited for improper maintenance is "final"); Secs. 564b, 677q, 693 (Secretary's "decisions" on names included in tribal membership roll shall be "final and conclusive"); Sec. 663 (Secretary's "determinations" regarding enrollment and administrative costs shall be "final") Secs. 711b(c)(1), 713e(c)(1), 763(c)(1) (Secretary's "determination" of descendancy, age and blood shall be "final"); Secs. 788e, 911 (Secretary's "determination" of eligibility for enrollment shall be "final"); Sec. 871 (Secretary's "determination" of eligibility for enrollment shall be "final and conclusive"); Sec. 931 (Secretary's "decisions" on protests to omission or inclusion on membership roll shall be "final and conclusive"). Congress has specifically provided for judicial review before a decision becomes final in some instances. See, e.g., 25 U.S.C. Sec. 375 (state probate court "determination of the question of fact" as to heirship shall be "conclusive"); Sec. 564n (Secretary's "determination" that a person is non compos mentis or in need of assistance in conducting his affairs is not "final and conclusive" until a "decision" by a naturalization court); Sec. 883a (heirship as determined by order of the Secretary or a court of competent jurisdiction, shall be "final and conclusive").
 
 
 10
 We are loathe to assume that Congress was not familiar with its own work, and that these variations stem from carelessness. On the other hand, we have difficulty assuming from these differences that Congress purposely varied the discretion given to the Secretary as it thought necessary with regard to particular kinds of fact finding or particular tribes. We can find no apparent pattern in Congress' use of "final" instead of "final and conclusive" or use of "findings" instead of "determination" or "decision".
 
 
 11
 Although the language of Sec. 565a and similar statutes does not conclusively resolve the question of reviewability, passage of all the statutes we have cited followed our decision in Arenas v. United States, 197 F.2d 418, 422 (9th Cir.1952). In Arenas we held that under 25 U.S.C. Sec. 372, the district court had no jurisdiction to review the Secretary's determination of heirship for purposes of allocating land under a trust patent because Sec. 372 provided that the Secretary's determination of heirship is final and conclusive. Arenas was not an isolated decision. See also First Moon v. White Tail, 270 U.S. 243, 46 S.Ct. 246, 70 L.Ed. 565 (1926); Johnson v. Kleppe, 596 F.2d 950, 951-52 (10th Cir.1979). Accord Tooahnippah v. Hickel, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970). We presume that Congress approved our interpretation of Sec. 372 when it provided the Secretary with similar power in a series of subsequent statutes also dealing with Indian heirship. Congressional intent to overcome the presumption of judicial review can be inferred from congressional acquiescence in judicial interpretations which bar such review. See Block, 104 S.Ct. at 2456. Section 565a is consistent with the legislative scheme which in this context, precludes judicial review.
 
 
 12
 Ruff argues that a legal issue exists which provides the district court with a basis for reviewing a determination which is otherwise arguably committed by law to the Secretary's discretion. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971). See also Strickland v. Morton, 519 F.2d 467, 470 (9th Cir.1975); Rank v. Nimmo, 677 F.2d 692, 699 (9th Cir.), cert. denied, 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982); City of Santa Clara v. Andrus, 572 F.2d 660, 666 (9th Cir.), cert. denied, 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978); Arizona Power Authority v. Morton, 549 F.2d 1231, 1230 (9th Cir.), cert. denied, 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). The argument fails. Section 564a(b) gives the Secretary no discretion with respect to payment of judgment funds once heirs are determined. Such a payment "shall" be made. The Secretary, however, has broad discretion with respect to proof of both death and inheritance. Such proof shall be "satisfactory to the Secretary." The discretion granted the Secretary by Sec. 564a(b) is not capable of judicial review because there is no law for a court to apply in determining what proof is satisfactory to the Secretary. Leaving the Secretary with such discretion is entirely consistent with Congress maintaining discrete control over these judgment monies, with its plenary authority over Indian affairs, and with its power over Indian property. See Simmons v. Eagle Seelatsee, 244 F.Supp. 808, 813 (E.D.Wash.1965), aff'd 384 U.S. 209, 86 S.Ct. 1459, 16 L.Ed.2d 480 (1966). See also Morton v. Mancari, 417 U.S. 535, 554-55, 94 S.Ct. 2474, 2484-85, 41 L.Ed.2d 290 (1974). We conclude, therefore, that the Secretary's determinations are committed to his discretion by law and were not reviewable by the district court. See Southern Ry. Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 455-56, 99 S.Ct. 2388, 2394-95, 60 L.Ed.2d 1017 (1979).
 
 
 13
 We are satisfied that Congress intended the Secretary of the Interior to decide finally, and without judicial review, the heirship of persons claiming interests in the judgment fund entitlements of deceased Indians. Accordingly, the district court correctly dismissed the claim for want of subject matter jurisdiction.
 
 
 14
 Affirmed.
 
 
 
 *
 Donald Hodel, Secretary of the Interior, is substituted for his predecessor, James G. Watt, pursuant to Fed.R.App.P. 43(c)