956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John M. PEKAH, Plaintiff-Appellant,
v.
Manuel LUJAN, as the U.S. Secretary of the Interior,
Defendant-Appellee.
 No. 91-6181.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. Appellant's motion for en banc consideration is denied.
 
 
 2
 Pro se Plaintiff-appellant John M. Pekah (Appellant), a Comanche Indian, brought this action against the Secretary of the Interior, alleging that the Secretary's determination of the heirship of another Comanche Indian, James Wermy Pekah (Pekah), violated several of Appellant's constitutional rights. None of the pertinent facts are in dispute. Pekah, Appellant's natural uncle, had adopted Appellant in a state proceeding. Upon Pekah's death, an administrative law judge (ALJ) from the Department of the Interior issued an Order Determining Heirs. The order recognized the adoption as valid and determined that Appellant, as Pekah's son and sole heir, would inherit Pekah's estate, including his real property held in trust. Other potential heirs challenged the order in an appeal to the Interior Board of Indian Appeals. They contended that the adoption was void because the state was without jurisdiction to issue an adoption between Indians living in Indian country.
 
 
 3
 After determining that it had jurisdiction to question the jurisdiction of a state court adoption for purposes of determining restricted Indian heirs, the Interior Board of Indian Appeals made several findings of fact and remanded the case to the Interior ALJ to determine whether the state had jurisdiction over such adoptions. The ALJ entered an order, finding that the state court was "without jurisdiction to adjudge the adoption." Order on Remand, Appellee's App. at 16. Appellant's appeal to the Interior Board of Indian Appeals resulted in an affirmance of the ALJ's order. The ALJ's order therefore became the final decision of the Secretary. See Ducheneaux v. Secretary of the Interior, 837 F.2d 340, 341-42 (8th Cir.), cert. denied, 486 U.S. 1055 (1988).
 
 
 4
 Five years later, Appellant brought this action in federal district court, seeking review of the Secretary's decision under the Administrative Procedures Act, 5 U.S.C. §§ 551-576. His complaint alleged that the Secretary's decision denied Appellant access to state courts in contradiction of his status as a citizen under 8 U.S.C. § 1401(b), and violated his equal protection and due process rights. Appellant contended that the Secretary's decision was an abuse of his discretion.
 
 
 5
 The Secretary moved to dismiss Appellant's suit for lack of subject matter jurisdiction, asserting that he had exclusive jurisdiction to make such a determination, and that his decision was not subject to judicial review, based on the wording of the statute granting the Secretary the authority to determine restricted Indian heirs, 25 U.S.C. § 372. Subsequently, Appellee moved to amend his motion to dismiss, noting that Congress had recently amended § 372 to allow for judicial review. In his amended motion, Appellee contended the 1990 amendment to § 372 did not apply retroactively to the Secretary's 1985 decision regarding Pekah's heirs, and, alternatively, asserted that Appellant had failed to state a claim, arguing that if the amendment were found applicable, Appellant had raised a nonjusticiable political question.
 
 
 6
 The district court granted Appellee's motion to dismiss, finding the Secretary's 1985 decision final and not subject to judicial review, and ruled that the 1990 amendment to 25 U.S.C. § 372 should not be applied retroactively. This appeal followed. On appeal, we interpret Appellant's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and review the district court's legal rulings de novo, United States v. Irvin, 906 F.2d 1424, 1426 (10th Cir.1990). We affirm.
 
 
 7
 "De novo review requires us to make an independent determination of the issues, similar to that which the trial court makes in its initial ruling." Id. First, and as Appellee notes in his brief, Appellant can challenge the constitutionality of the Secretary's decision, notwithstanding the language in § 372 precluding judicial review. See Johnson v. Kleppe, 596 F.2d 950, 952 (10th Cir.1979) (citing Eskra v. Morton, 524 F.2d 9, 12 n. 6 (7th Cir.1975)); Kicking Woman v. Hodel, 878 F.2d 1203, 1206 (9th Cir.1989). Appellant's complaint clearly intended to bring constitutionally-based challenges. Although the district court's opinion does not reflect a review of Appellant's pleadings for such claims, or a reivew of the Secretary's decision for constitutional errors, we can consider Appellant's constitutional claims at this point, given the procedural posture of this case, the lack of factual dispute, and the applicable standard of review. See Pell v. Azar Nut Co., 711 F.2d 949, 950 (10th Cir.1983); see also Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court can affirm on any grounds that find support in the record).
 
 
 8
 Appellant attempts to invite constitutional review by invoking various rights he claims were violated by the Secretary's decision, such as due process and equal protection. Nonetheless, our careful review of Appellant's complaint and his briefs convinces us that the majority of his arguments do not raise constitutional issues, because they do not constitutionally challenge the statutory basis for the Secretary's decision or the process by which that decision arose. See Johnson, 596 F.2d at 952. Appellant's claims of due process and equal protection violations are not accompanied by allegations of fact that would lead, even under a liberal analysis, to the statement of legally recognizable claims for the violation of these rights. See Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990).
 
 
 9
 Appellant contends that the Secretary's determination that the state court lacked jurisdiction over his adoption by Pekah violates his right of access to state courts and is impermissibly based on Appellant's race. Before the district court, Appellant alleged that no tribal court or CFR court[1] existed in Oklahoma at the time of the adoption. Nonetheless, state jurisdiction over Indians cannot be constitutionally mandated by the lack of a tribal forum. Congress has consented to state civil jurisdiction over Indians in Indian country, but only where both the state and the tribe in question take affirmative steps to effect such jurisdiction. See 25 U.S.C. § 1322(a); McClanahan v. State Tax Comm'n, 411 U.S. 164, 177 (1973) (§ 1322(a) requires consent of the tribe before state may assume jurisdiction over Indians); Kennerly v. District Court, 400 U.S. 423, 427 (1971) (per curiam) (under § 1322(a), state must take affirmative legislative action to obtain jurisdiction over tribal matters).[2]
 
 
 10
 Appellant's charge of racial discrimination, likewise, must fail. See Fisher v. District Court, 424 U.S. 382, 390-91 (1976). In Fisher, the Supreme Court denied Indian plaintiffs access to state courts for adoption purposes, holding that the tribe's own courts had exclusive jurisdiction over such matters. This determination was not racial discrimination, the Court said, because the tribe's exclusive jurisdiction stemmed from its status as a sovereign nation, not plaintiffs' race. Additionally, it noted that the denial of a state forum, though resulting in disparate treatment from nonIndians, was justified because it was "intended to benefit the class of which [plaintiff] is a member by furthering the congressional policy of Indian self-government." Id. Appellant's arguments, alleging lack of a tribal forum and discriminatory effect, cannot compel recognition of state jurisdiction over Indian adoptions.
 
 
 11
 Finally, Appellant contends that the Secretary's decision is an abuse of his discretion, in light of the provision in 25 U.S.C. § 372 recognizing state adoption procedures, and that the decision renders § 372 meaningless. This statute cannot confer jurisdiction over Indian adoptions to state courts. Fisher, 424 U.S. at 388-89. Additionally, we cannot review the Secretary's 1985 decision for an alleged abuse of discretion because we agree with the district court's ruling that 25 U.S.C. § 372, as it existed in 1985, precludes judicial review of the Secretary's decision, and that the 1990 amendment to § 372 should not be applied retroactively. We also agree with the district court's analysis on this point.
 
 
 12
 The district court, applying the public policy analysis outlined in Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 374 (1940),[3] looked to the intent of Congress in enacting § 372, which was to insure marketability of Indian title. The court found that "to allow the 1990 Amendment to be applied retroactively would render all decisions by the Secretary of the Interior regarding Indian trust lands under Section 1 of the Act [of June 25, 1910, 25 U.S.C. § 372] subject to collateral attack through judicial review. Such action would greatly disrupt marketability of Indian titles conveyed prior to 1990." District court's Order, Appellee's App. at 69.
 
 
 13
 Appellant challenges this ruling, contending that the district court's public policy determination cannot stand in light of the fact that the real property contained in Pekah's estate is still in trust, and has been condemned by the Town of Cache, Oklahoma, for the construction of a sanitary system.[4] Appellant misunderstands the nature of the district court's ruling. A court's public policy determination is not based solely on the facts of the case before the court. Public policy involves " 'consideration[ ] of what is expedient for the community concerned.' " Gregory v. Ashcroft, 111 S.Ct. 2395, 2404 (1991) (quoting O. Holmes, The Common Law, 35-36 (1881)); see also Black's Law Dictionary 1041 (5th ed. 1979) (an act may be against public policy when it "has a tendency to be injurious to the public or against the public good"). The district court determined that public policy, when measured against the intended purpose of § 372, would not be served by opening up past determinations by the Secretary to collateral attack, and we agree.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A "CFR court" is a court created pursuant to Bureau of Indian Affairs regulations to preside over tribal matters in absence of a court established by tribal government. See Tillett v. Lujan, 931 F.2d 636, 638, 640 (10th Cir.1991)
 
 
 [2]
 Appellant did not challenge the Secretary's determination, upon judicial notice, that the state had not assumed civil or criminal jurisdiction over Indians in Indian country
 
 
 [3]
 Appellee argues at length the applicability of Bradley v. School Board, 416 U.S. 696 (1974), as discussed in this court's opinion in DeVargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir.1990), cert. denied, 111 S.Ct. 799 (1991). These cases involve the retroactivity of statutes enacted during the pendency of cases on appeal, not the retroactivity of statutes enacted during a collateral attack on a final judgment. Bradley, 416 U.S. at 710-11. We agree with the district court that a different analysis is required when determining the latter application
 
 
 [4]
 To the extent that Appellant attempts to state separate claims arising from the state condemnation proceedings, those claims were not presented to the district court, and will not be reviewed for the first time on appeal. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989)