**Marie Tieyah CARR, Plaintiff,**

v.

**Cecil ANDRUS, Secretary of Interior of the United States; Washington, D. C., Defendant.**

**No. CIV–79–1300–D.**

United States District Court, W. D. Oklahoma.

Oct. 10, 1980.

Amos E. Black, III, Anadarko, Okl., for plaintiff.

Larry D. Patton, U. S. Atty., by Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Plaintiff under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, for judicial review of the final administrative decision of the Defendant Secretary of the Interior concerning the determination of the heirs of a restricted Indian, Tim Tieyah (hereinafter "decedent"). It is asserted that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331(a). A hearing was held on October 1, 1980 in this case to determine whether this Court had subject matter jurisdiction.

From the administrative record before the Court and the arguments made at said hearing, it appears that the decedent died on June 27, 1954, leaving a last will and testament dated May 10, 1954. At the time of his death the decedent was a Comanche allottee. Thereafter, a hearing was held before the Examiner of Inheritance, U. S. Department of the Interior, Bureau of Indian Affairs, on December 20, 1954, in which the heirs at law of the decedent were determined, claims against the estate were processed and the probate of decedent's will was accomplished pursuant to 25 U.S.C. §§ 372 and 373. As a part of said hearing it was determined that decedent's wife, Wahper, and decedent's daughter, Julia Tieyah Laurenzana, were decedent's sole heirs at law.

On October 29, 1976, Plaintiff filed a request that decedent's estate be reopened in order to amend the 1954 order so as to include a finding of "blood degree" for herself and her descendants. Plaintiff alleged that her sole purpose of reopening decedent's estate was to prove that she was the daughter of decedent so that her grandchildren would be eligible to share in a tribal judgment fund.[1] Plaintiff further stated that even if she was found to be an heir of decedent, under Indian law such a finding would not affect the validity of decedent's will. Plaintiff's petition to reopen was granted and the 1954 order was modified on February 16, 1979 to include Plaintiff as an heir of decedent. The latter order, entitled "Order Reopening and Modifying Order Approving Will and Decreeing Distribution," was appealed by the heirs of decedent to the U. S. Department of the Interior Board of Indian Appeals and a decision reversing said order was rendered on October 17, 1979. Plaintiff then filed this action for judicial review of the administrative proceedings below. Pursuant to an order of this Court on March 8, 1980, both sides have submitted briefs in support of their respective positions and with arguments heard on October 1, 1980 this matter is now ready for decision.

Plaintiff asserts four errors of fact and law for judicial review:

1. That the findings of the Administrative Law Judge Franklin Arness were contrary to and in direct conflict with the evidence.

---

1. Plaintiff attempted to enroll her grandchildren as members of the Comanche Indian Tribe but because of the finding in the 1954 order by the Examiner of Inheritance that decedent was not Plaintiff's father, Plaintiff's grandchildren are ineligible for enrollment as they are only one-eighth Comanche.

2. That the findings of the Administrative Law Judge Arness were against the law in such cases made and provided.

3. That Administrative Law Judge Franklin Arness did error [sic] when he reversed the finding and Order of the Trial Administrative Judge Sam Taylor in that at the Trial of this case, Judge Taylor had an opportunity to observe the witnesses sworn and the testimony they delivered at said hearing, and did by his Order of February 16, 1979 find that Marie Tieyah Carr was the natural child of Tim Tieyah.

4. That Administrative Law Judge Franklin Arness, erred in entering his Order of October 17, 1979 for the reason the same is arbitrary and capricious in so far as it affects the rights of Marie Tieyah Carr and said Order is not supported by the substantial evidence test.

Defendant asserts that this Court lacks jurisdiction to entertain the requested judicial review.

Under 25 U.S.C. § 372, the Secretary of the Interior has the authority and duty to determine the legal heirs of certain Indian decedents.[2] Once the Secretary of Interior has made a determination of heirship under 25 U.S.C. § 372, it is final and conclusive. The federal courts have no jurisdiction to review such a decision determining heirship to the restricted estate of an Indian. *Attocknie v. Udall*, 390 F.2d 636 (Tenth Cir. 1968), *cert. denied*, 393 U.S. 833, 89 S.Ct. 104, 21 L.Ed.2d 104 (1968); *Heffelman v. Udall*, 378 F.2d 109 (Tenth Cir. 1967), *cert. denied*, 389 U.S. 926, 88 S.Ct. 287, 19 L.Ed.2d 278 (1967). However, a question concerning the validity of an Indian will may be subject to judicial review. *See Tooahnippah v. Hickel*, 397 U.S. 598, 90

S.Ct. 1316, 25 L.Ed.2d 600 (1970); *see, e. g., Longhat v. Andrus*, No. CIV–78–0929–D (W.D.Okl. Dec. 31, 1979), *appeal docketed*, No. 80–1171 (Tenth Cir. Jan. 29, 1980).

In the instant case, Plaintiff admitted at the hearing on October 1, 1980, that the validity of the decedent's will is not in question. Rather, she seeks only a review of the Secretary of the Interior's determination of heirship. The Examiner in the May 10, 1954 hearing determined decedent's heirs at law as if he had died intestate and then made a determination as to the validity of the will holding the same to be valid. The authorities from our Circuit cited above have held that the district courts have no jurisdiction to review the Secretary of Interior's determination of intestate heirship of an Indian who dies testate. *Attocknie v. Udall, supra; Heffelman v. Udall, supra.* These authorities appear to fully support the Defendant's contention and control the controversy now before this Court. No authority to the contrary has been furnished by the Plaintiff.

In view of the foregoing, it appears that this Court is without jurisdiction to grant the relief sought by Plaintiff. Accordingly, the Court finds and concludes that the instant action should be dismissed for lack of subject matter jurisdiction.

2. 25 U.S.C. § 372 reads in part:
   When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and *his decision thereon shall be final and conclusive.* (Emphasis added).