**SIERRA ASSOCIATION FOR ENVIRONMENT, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

and

**Kings River Conservation District, Real Party in Interest, Intervenor-Respondent,**

and

**Kings River Water Association, Intervenor-Respondent.**

No. 85–7390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1986.

Decided June 17, 1986.

Glenn M. Kottcamp, Fresno, Cal., for petitioner.

Joshua Z. Rokach, Washington, D.C., for F.E.R.C.

Christopher D. Williams, McCarty, Noone & Williams, Washington, D.C., and Robin Leslie Stewart, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., for Kings River Conservation Dist.

A.B. Ewell, Jr., Fresno, Cal., for Kings River Water Ass'n.

Before SNEED, ANDERSON, and POOLE, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Sierra Association for Environment (SAFE) appeals three orders issued by the Federal Energy Regulatory Commission (FERC or Commission). SAFE requests this court to issue an order directing FERC to vacate its orders (1) staying the effective date of Kings River Conservation District's (KRCD) license to build a hydroelectric project; (2) denying SAFE's request to terminate KRCD's license and granting KRCD a two-year extension within which to commence construction; and (3) dismissing SAFE's request for a rehearing.

SAFE further requests that this court direct FERC to issue a written order terminating KRCD's license for failure to commence construction within two years.

On April 21, 1986, this court filed an order dismissing this appeal for lack of jurisdiction over the petition for review; finding the Commission's stay and one-time extension to be lawful; and disallowing attorneys' fees. *Sierra Association for Environment v. Federal Energy Regulatory Commission*, 789 F.2d 921 (9th Cir. 1986). What follows is an opinion in support of that order.

## I. FACTS

The resolution of the issues involved in this appeal requires us to examine the complicated procedural history that has delayed construction of the Dinkey Creek hydroelectric project for more than four years.

Nov. 28, 1978 KRCD filed an application with FERC for a License for Authorization to construct the Dinkey Creek Hydroelectric Project located in Fresno County, California.

March 9, 1979 FERC issued a Notice of Application for Major License.

Sept. 10, 1979 FERC permitted SAFE to intervene.

March 22, 1982 FERC issued its Order Issuing Major License for the Dinkey Creek Project. This license required that construction commence on or before *March 1, 1984.*

April 15, 1982 SAFE filed an application for rehearing pursuant to 16 U.S.C. § 825*l*(a).

May 17, 1982 FERC issued an Order Granting Rehearing for Purpose of Further Consideration.

Nov. 15, 1982 FERC denied rehearing.

Jan. 14, 1983 SAFE filed, in this court, a Petition for Review of FERC's Order Issuing Major License pursuant to 16 U.S.C. § 825*l*(b). SAFE's Petition for Review was denied by this court. See *Sierra Ass'n for Environment v. FERC*, 744 F.2d 661 (9th Cir.1984).

SAFE's various petitions for rehearing before this court were denied and the opinion in *Sierra Ass'n for Environment v. FERC* became final on *January 14, 1985.*

Jan. 24, 1984 KRCD applied to FERC for a Stay Pending Completion of Litigation asking FERC to issue an order to maintain the status quo consistent with its order in *City of Seattle*, 12 F.E.R.C. ¶ 61,010 (1980).

Feb. 27, 1984 SAFE filed an objection to the issuance of the stay.

March 1, 1984 Construction was to have begun. It had not. License was to have become effective.

April 20, 1984 FERC issued an Order Staying Effective Date of License, effective the date KRCD filed its Request for Stay (Jan. 24, 1984). The stay was granted until completion of judicial review and was to maintain the status quo.

May 21, 1984 KRCD filed a Request for Rehearing of Order Staying Effective Date of License.

June 20, 1984 FERC issued a Notice of Denial of Rehearing by Operation of Law.

July 16, 1984 KRCD filed with FERC a Petition for Reconsideration of Order Staying Effective Date of License.

Sept. 10, 1984 SAFE filed a Petition for Supplemental EIS's and a Continuance of the Stay.

Sept. 25, 1984 KRCD filed an answer and objected to SAFE's petition and continuance on the ground that FERC lacked jurisdiction to grant the relief requested due to the pending Petition for Review in this court pursuant to 16 U.S.C. § 825*l* (b).

Jan. 11, 1985 SAFE filed a motion requesting KRCD's license be terminated due to KRCD's failure to commence construction within the time specified in its license.

Jan. 15, 1985 KRCD filed a Motion to Lift Stay, for Extension of Time to Commence Construction and Answer to SAFE's Request to Terminate License.

Jan. 28, 1985 SAFE filed a response to KRCD's motion.

Feb. 15, 1985 FERC denied SAFE's request to terminate license and granted KRCD's request for a one-time, two-year extension within which to commence construction. FERC held that KRCD's July 16, 1984 request for rehearing concerning FERC's stay order was rendered moot by FERC granting the request for extension. KRCD's motion for extension was granted as appropriate in the public interest pursuant to 16 U.S.C. § 806.

Mar. 15, 1985 KRCD filed a Request for Rehearing requesting modification of the Feb. 15, 1985 order urging FERC to add "substantial grounds" to support FERC's decision in the event SAFE sought judicial review.

March 18, 1985 SAFE filed an Application for Rehearing.

April 3, 1985 SAFE filed Supplemental Arguments.

April 15, 1985 FERC granted rehearing for the purpose of further consideration.

July 5, 1985 FERC issued an order dismissing SAFE's Application for Rehearing and granting KRCD's motion for rehearing for the limited purpose of modifying FERC's order of Feb. 15, 1985 and granting KRCD the one-time extension of time within which to commence construction. Dismissal of SAFE's rehearing petition was made on grounds that SAFE never sought rehearing of the April 20, 1984 order.

July 12, 1985 SAFE timely filed a Petition for Review with this court seeking judicial review of FERC's orders of April 20, 1984 (stay order), Feb. 15, 1985 (denying termination of license and granting extension of time), and July 5, 1985 (dismissing SAFE's rehearing application).

## II. DISCUSSION

 FERC argues that SAFE is barred from attacking the April 20, 1984 order

staying the effective date of KRCD's license because SAFE failed to seek a rehearing before FERC within thirty days of that order. FERC contends that because the request for rehearing of the stay order is a jurisdictional prerequisite to judicial review, this court has no jurisdiction to entertain SAFE's petition for review. We agree.

■■■ There is a presumption that persons aggrieved by administrative action are afforded judicial review. *Ruff v. Hodel*, 770 F.2d 839, 840 (9th Cir.1985). However, that presumption gives way when the statute being applied precludes such relief. *Id.* The pertinent statute dealing with review of FERC orders is 16 U.S.C. § 825*l*.[1] Under this statute, two events must occur before this court has jurisdiction to review a petition for review of an order issued by FERC. First, the party aggrieved by an order issued by FERC must seek a rehearing before FERC of that order within thirty days. Second, the aggrieved party must file a petition for review in this court within sixty days after the final order of FERC upon application for rehearing.

■■■ The case law in this and other circuits is in agreement. Under the Natural Gas Act,[2] "an application for rehearing is a jurisdictional prerequisite to judicial review." *Boston Gas Co. v. Federal Energy Regulatory Com'n*, 575 F.2d 975, 977 (1st Cir.1978). Furthermore, the time requirements of the statute are as much a part of the jurisdictional threshold as the mandate to file for a rehearing. *Id.* Under 16 U.S.C. § 825*l*, the statute involved here, a court has no jurisdiction to consider an issue not urged in a rehearing application. *Federal Power Commission v. Colorado Interstate Gas Co.*, 348 U.S. 492, 498–99, 75 S.Ct. 467, 471, 99 L.Ed. 583 (1955); *Dept. of Fish & Game of State of Cal. v. Federal Power Com'n*, 359 F.2d 165, 168–69 (9th Cir.), *cert. denied*, 385 U.S. 932, 87 S.Ct. 293, 17 L.Ed.2d 214 (1966); *Cincinnati Gas & Elec. Co. v. F.E. R.C.*, 724 F.2d 550, 553 (6th Cir.1984). *See also Tiger International, Inc. v. Civil Aeronautics Board*, 554 F.2d 926, 931 n. 11 (9th Cir.), *cert. denied*, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977) (Time limitations for certiorari, appeal and review set out in statutes are uniformly regarded as jurisdictional).

It is clear from the record that SAFE failed to meet either of these jurisdictional prerequisites as to the April 20, 1984 stay order. SAFE did not seek a rehearing of the stay order within thirty days nor did SAFE petition this court for review within

---

1. 16 U.S.C. § 825*l* (1982) provides:

 (a) Any [party] aggrieved by an order issued by the Commission ... may apply for a rehearing within thirty days after the issuance of such order.... No proceeding to review any order of the Commision shall be brought by any such person unless such person shall have made application to the Commission for a rehearing thereon. Until the record in a proceeding shall have been filed in a court of appeals, ... the Commission may at any time, upon reasonable notice and in such a manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it....

 (b) Any party ... aggrieved by an order issued by the Commission ... may obtain a review of such order in [a court of appeals], by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order ... be modified or set aside in whole or in part.... Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. No objection to the order ... shall be considered by the court unless such objection shall have been urged before the Commission in the application of rehearing unless there is reasonable ground for failure to do so.

2. The relevant provisions of the Federal Power Act and the Natural Gas Act "are in all material respects substantially identical." *Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 577 n. 7, 101 S.Ct. 2925, 2930 n. 7, 69 L.Ed.2d 856 (1981) (quoting *Federal Power Commission v. Sierra Pacific Power Co.*, 350 U.S. 348, 353, 76 S.Ct. 368, 371, 100 L.Ed. 388 (1956)). Therefore, precedents under the Natural Gas Act apply with equal force to cases brought under the Federal Power Act. *Id.; Municipal Light Boards, etc., Mass. v. Federal Power Com'n*, 450 F.2d 1341, 1347 (D.C.Cir.1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455 (1972).

sixty days of a denial of the rehearing petition.

SAFE makes two arguments why, even though it failed to seek a timely rehearing of the stay order, this court still has jurisdiction to review its petition for review. First, SAFE argues that it should be allowed to bootstrap its objections to the stay order to KRCD's timely petitions for rehearing and reconsideration of the stay order. On May 21, 1984, KRCD filed with FERC a timely request for rehearing of the stay order, and on July 16, 1984, filed a request for reconsideration of that same order. On January 11, 1985, during the pendency of KRCD's request for reconsideration of the stay order, SAFE filed its request to terminate KRCD's license. Thus, SAFE argues, the stay order was still subject to modification and SAFE, therefore, timely and properly presented to FERC the issue of FERC's authority to issue the stay order.[3]

■ We decline to accept SAFE's invitation to interpret the request on January 11, 1985, to terminate KRCD's license as a timely petition for rehearing of the April 20, 1984 stay order. It was clearly not intended as such. The request to terminate was a demand that FERC fulfill its statutory duty as set forth in the Federal Power Act. It was not a request that FERC rehear and reconsider its position on the stay order.

Furthermore, 16 U.S.C. § 825*l* requires that no objection to an order of FERC may be considered on review unless the same objection was first specifically raised in an application for rehearing directed to FERC. 16 U.S.C. § 825*l*(a) and (b); *City of Vanceburg, Ky. v. F.E.R.C.*, 571 F.2d 630, 642 (D.C.Cir.1977), *cert. denied*, 439 U.S. 818, 99 S.Ct. 79, 58 L.Ed.2d 108 (1978). "As the Supreme Court has stated, it is the purpose of this provision to give the Commission notice of its alleged errors so that it may have the opportunity to correct them." *City of Vanceburg*, 571 F.2d at 642 (citing

*Federal Power Commission v. Colorado Interstate Gas Co.*, 348 U.S. 492, 498, 75 S.Ct. 467, 471, 99 L.Ed. 583 (1955)). KRCD's petitions for rehearing and reconsideration did not raise any objection to FERC's jurisdiction to issue a stay order. Therefore, even if SAFE were allowed to bootstrap its arguments to KRCD's timely petitions, the objections that SAFE has to the stay order have never been specifically raised in an application for rehearing directed to FERC.

■ The second argument SAFE makes in favor of the existence of jurisdiction is that SAFE did file a timely petition for rehearing of FERC's February 15, 1985 order denying its request to terminate KRCD's license and granting KRCD's request for a one-time, two-year extension within which to commence construction. This timely petition for rehearing, argues SAFE, gives this court jurisdiction to review its petition for review. FERC contends, however, that SAFE's request, on January 11, 1985, that FERC terminate KRCD's license and SAFE's timely petition for a rehearing of FERC's denial of that request on February 15, 1985, is simply an impermissible collateral attack on the April 20, 1984 stay order. We agree. SAFE's request to terminate KRCD's license was based on the fact that construction had not yet begun on March 1, 1984 as required in the license. The request to terminate, however, must fail unless the April 20, 1984 order staying the effective date of the license is vacated. Therefore, any attempt to satisfy the jurisdictional prerequisites required by 16 U.S.C. § 825*l* through the timely request for rehearing of FERC's denial of SAFE's request to terminate KRCD's license is a collateral attack on the April 20, 1981 stay order. The language of 16 U.S.C. § 825*l* does not permit the intertwining of orders for review purposes, that is, using a timely petition to review an order for which the time limitations have run. *See Tiger International*, 554 F.2d at

---

**3.** In SAFE's request to terminate KRCD's license, SAFE specifically addresses the issue of the propriety of the stay order.

931 (examining 49 U.S.C. § 1486(a) which is worded similarly and contains time limitations similar to 16 U.S.C. § 825*l*). The statute speaks in terms of individual orders: "No proceeding to review any *order* ... shall be brought ... unless ... application [is made] to the commission for a rehearing thereon." (Emphasis added). *See id.* Since SAFE failed to timely seek either rehearing or review of the April 20, 1984 stay order, it is precluded from doing so now under the guise of filing a request that FERC terminate KRCD's license and then timely requesting a rehearing of FERC's denial of that request. *See Gas & Elec. Dept. of City of Holyoke, Mass. v. FERC,* 629 F.2d 197, 204 (1st Cir.1980).

For the foregoing reasons, we DISMISS this appeal for lack of jurisdiction over the petition to review.[4]

DISMISSED.

---

**4.** Within 14 days from the date of filing this opinion, petitioner may file points and authorities in support of the petition for rehearing filed on May 6, 1986.